**In Re James Emmett WESTBROOK, and Mildred M. Westbrook, Bankrupts.**

**No. LR 63 B 9.**

United States District Court
E. D. Arkansas, W. D.

Jan. 23, 1964.

J. B. Milham, Benton, for petitioner.

W. Tillar Adamson, Little Rock, trustee in bankruptcy.

Ben M. McCray, Benton, for creditors Mr. & Mrs. J. M. Evans.

Robert Hardin, Benton, for other creditors.

YOUNG, District Judge.

This petition to review the decision of the Bankruptcy Referee disallowing Petitioner's claim as a secured claim against the Bankrupts' estate is brought by Petitioner, who is the mother of the Bankrupt, James Emmett Westbrook. Petitioner's claim is based on a chattel mortgage executed by the Bankrupts to Petitioner. The Trustee in Bankruptcy objected to this claim and contended that the claim was not secured. A hearing was held pursuant to this objection. Based on the evidence adduced at this hear-

ing, the Referee determined that the claim was not secured and, therefore, the objection by the Trustee was sustained. Accordingly, this claim was disallowed as a secured claim, and Petitioner now seeks review of this determination.

Petitioner contends that the Referee erred in the following particulars: (1) considering the mother and son relationship in his findings; (2) finding that Petitioner did not take posession of the items referred to in the chattel mortgage at any time prior to bankruptcy; (3) finding that Petitioner failed to establish by a preponderance of the evidence that in fact Petitioner did make the loan; (4) considering as a "caution mark" the fact that the Bankrupt, James Emmett Westbrook, put his farm in the names of his sons several years prior to the date of bankruptcy; and (5) refusing to allow the mortgage claim as a superior and paramount lien on the property described in the chattel mortgage.

Petitioner's claim against the Bankrupts' estate is based on a chattel mortgage dated March 19, 1959, and filed October 19, 1960. The mortgage was executed by the Bankrupts to Petitioner in the amount of $5,000. The property which purportedly secured the mortgage consisted of farm equipment, household furniture, fixtures, and ten head of cattle, all of this property being located on a farm approximately 26 miles from the residence of Petitioner in Benton, Arkansas. The farm was occupied by the Bankrupts, and several years earlier the Bankrupt, James Emmett Westbrook, had conveyed this farm to his sons.

■■ Although the chattel mortgage was filed, Petitioner as mortgagee failed to properly endorse the mortgage instrument in accordance with Ark.Stat.Ann. § 16–201 (Repl.Vol.1956), and the parties agreed at the hearing held by the Referee that there was not a valid filing of this instrument so as to perfect the mortgage interest. Petitioner and the objecting creditors further recognized the settled rule in Arkansas that a defectively re-corded mortgage is binding against all parties from the date when the mortgagee takes possession of the property purportedly subject to the mortgage. Hughes, Arkansas Mortgages § 141 (1930) (citing cases). Thus, the sole question presented by the instant case is whether or not Petitioner took possession of the property described in her chattel mortgage prior to the date of bankruptcy. The Referee made a factual determination that Petitioner did not take possession of this property, and this finding must be upheld unless "clearly erroneous" under the test of Bankruptcy General Order No. 47, 11 U.S.C.A. foll. § 53. M. W. O'Rieley v. Endicott-Johnson Corp., 297 F.2d 1 (8th Cir. 1961). See also In Re Taylor Oak Flooring Co., 87 F.Supp. 6 (W.D.Ark.1949).

In the instant case, the testimony of Petitioner given at the hearing clearly supports the finding made by the Referee that Petitioner did not take possession of the property in question. The Referee's finding in this regard is not "clearly erroneous" and, therefore, it must be upheld. The only facts which Petitioner emphasizes as manifesting her possession are: (1) her testimony that her son, James Emmett Westbrook, told her to take the property, (2) that she bought feed for the cattle mentioned in the mortgage on five separate occasions, and (3) that the property was assessed in her name. Yet, Petitioner overlooks the mother-son relationship, the fact that the property in question was in the complete care, custody and control of her son on the farm which he occupied, and the further fact that the property in question was located approximately 26 miles from her residence in Benton, Arkansas. Furthermore, Petitioner introduced absolutely no documentary evidence to verify the $5,000 debt for which the mortgage was supposedly executed. None of the cases cited by Petitioner in her brief would suggest that Petitioner had possession under the facts of the instant case. E. g., see McClendon v. First National Bank,

968

112 Ark. 187, 165 S.W. 952 (1914); Garner v. White, 52 Ark. 384, 12 S.W. 785 (1889). For an exhaustive annotation on this point, see Annot., 79 A.L.R. 1018 (1932).

The rule in Arkansas with respect to the type of possession necessary in the instant case is succinctly stated in Hughes, Arkansas Mortgages § 142, p. 117 (1930) (citing cases) as follows:

> "The possession of the mortgagee in order to be sufficient notice to dispense with record must be *unequivocal, absolute and notorious,* so that third persons may be advised. Symbolical possession only, as by the parties walking around the property and agreeing that it shall henceforward be regarded as in possession of the mortgagee while the mortgagor in fact remains in possession, is not sufficient. Nor is it enough that the mortgagor agrees that he will thereafter hold possession for the mortgagee, who merely inspects the property." (emphasis added)

Whatever possession Petitioner might arguably have had, if any, falls far short of being "unequivocal, absolute and notorious."

■ The remaining contentions urged by Petitioner are wholly without merit. Certainly, the mother-son relationship was a fact to consider, as well as the fact that the Bankrupt, James Emmett Westbrook, had previously conveyed his farm to his sons. In considering these facts along with all the other relevant facts and circumstances, the Referee properly weighed all of the evidence adduced at the hearing to determine the factual issue of possession. In his determination that Petitioner failed to take possession of the property in question, the Referee correctly held that Petitioner's claim was not a secured claim and, therefore, this claim was not entitled to a superior and paramount lien on the property described in her chattel mortgage.

The order appealed from is affirmed and the petition for review is dismissed.