**Virginia Blanche HUTCHISON, Administratrix of the Estate of R.H. Kelly, Plaintiff-Appellant,**

v.

**C.I.T. CORPORATION, et al., Defendants-Appellees.**

No. 82–5353.

United States Court of Appeals, Sixth Circuit.

Argued May 19, 1983.

Decided Feb. 8, 1984.

John D. Marshall argued, Atlanta, Ga., Hal Bogard, Brown, Todd & Heyburn, Louisville, Ky., for plaintiff-appellant.

Richard W. Iler argued, R. Lawrence Baird, Louisville, Ky., for defendants-appellees.

Before LIVELY, Chief Judge, and EDWARDS and KRUPANSKY, Circuit Judges.

KRUPANSKY, Circuit Judge.

Plaintiff-Appellant, Virginia Blanche Hutchison, Administratrix of the Estate of R.H. Kelly, appeals from an order of the United States District Court for the Western District of Kentucky which held that the interests of defendants-appellees, C.I.T. Corporation (C.I.T. Corp.) and C.I.T. Leasing Corporation (C.I.T. Lease) in certain personal property are superior to, and/or free of, the interests of plaintiff-appellant.[1]

The instant action was submitted to the district court for resolution on the stipulations of fact, depositions and answers to interrogatories appearing in the record. Briefly, the record discloses that by an agreement dated July 2, 1976 Herco Corporation (Herco) and Aggregate Transport Incorporated (Aggregate) granted to R.H. Kelly (Kelly) a security interest in two pieces of mining equipment—a Michigan 675 Loader (the Michigan 675) and a Hough H–400B Loader (The Hough 400). This security interest was never perfected by filing.

In October of 1976 Herco assigned to C.I.T. Corp. a security agreement between Jerry A. Dorminey (Dorminey) as debtor and Herco as security party covering the Hough 400. A financing statement concerning this security interest was filed in Pike County, Kentucky.

In November of 1976 Herco sold the Michigan 675 to C.I.T. Lease for $275,000.00. C.I.T. Lease immediately leased the Michigan 675 to Dorminey for 36 months at a monthly rental of $9,267.00 and a $1.00 option to Dorminey to purchase at the termination of the lease. C.I.T. Lease filed financing statements in both Georgia and Pike County, Kentucky with respect to this lease.

In September of 1977, as a result of defaults relating to both pieces of equipment, C.I.T. Corp. and C.I.T. Lease caused the repossession of the equipment. Approximately 15 months later both pieces of equipment were sold.

Throughout the relevant time period, up until the repossession, both pieces of equipment were located on the "Four Seam" property of Falcon Coal Company in Perry County, Kentucky. As a favor to Kelly, Falcon's nightwatchman, Ballard Watkins, told Kelly's grandson that he would "keep an eye on the equipment." The watchman apparently lived near the Four Seam property and on two occasions did notify Kelly's grandson when the equipment was being disturbed.

Herco and Aggregate eventually defaulted on their note to Kelly and on March 30, 1979, plaintiff-appellant instituted this action seeking a declaration that the Estate of Kelly's interest in the Michigan 675 and Hough 400 was superior to, respectively, C.I.T. Lease and C.I.T. Corp.

As indicated, the matter was submitted to the lower court on the paper record. The district court issued findings of fact and conclusions of law, holding that the interests of C.I.T. Lease and C.I.T. Corp. were superior to appellant's and, furthermore, that irrespective of the priorities, C.I.T. Lease purchased the Michigan 675 as a "buyer in the ordinary course" and thus free of any security interest which Kelly had in the equipment. This appeal ensued.

This case, being a diversity matter, is governed by the law of Kentucky, the forum state. More specifically, the controlling state law is Article 9 of the Uniform Commercial Code (U.C.C.) which has been adopted in Kentucky. Article 9 establishes

1. The lower court's Opinion is published at 576 F.Supp. 1 (W.D.Ky.1982).

unequivocally that a perfected security interest takes priority over an unperfected security interest. *See* K.R.S. § 355.9–301(1)(a); J. White and R. Summers, *Uniform Commercial Code* § 23–5 (1972). The appellant does not contest the fact that defendants, by virtue of their filings, perfected their security interest in the two items of equipment. *See* K.R.S. § 355.9–303.

Appellant contends, however, that its security interest was perfected by virtue of "possession" pursuant to K.R.S. § 355.9–305. That section provides:

355.9–305 When possession by secured party perfects security interest without filing.

A security interest in letters of credit and advices of credit (subsection (2)(a) of KRS 355.5–116), goods, instruments, negotiable documents or chattel paper may be perfected by the secured party's taking possession of the collateral. If such collateral other than goods covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest. A security interest is perfected by possession from the time possession is taken without relation back and continues only so long as possession is retained, unless otherwise specified in this Article. The security interest may be otherwise perfected as provided in this Article before or after the period of possession by the secured party.

It should be noted initially that the appellant abandoned any argument that the equipment was being held by a bailee. Thus, bailee status is not in issue.

■ The U.C.C. permits perfection by possession because possession can give notice to third-parties that the creditor has an interest in the collateral. *See generally,* White & Summers, *supra,* at § 23–10. Thus, in order to effect perfection, possession must be "unequivocal, absolute and notorious, so that third parties may be ad-

vised." *Transport Equipment Co. v. Guaranty State Bank,* 518 F.2d 377, 381 (10th Cir.1975) *quoting, In Re Westbrook,* 228 F.Supp. 966 (E.D.Ark.1964) *aff'd* 337 F.2d 404 (8th Cir.1964).

■ The lower court concluded that "[t]he actions of Watkins in looking after the equipment for Kelly are insufficient to provide notice to C.I.T. and there is simply no evidence that Kelly ever exercised dominion or control over the equipment while it was on Falcon's property." This Court agrees and, while the nature of the equipment may have made more patent possession difficult, Kelly could easily have protected his interest by filing. The lower court's conclusion that appellant's interest was not perfected by possession is affirmed.

■ The Court also affirms the lower court's conclusion that C.I.T. Lease purchased the Michigan 675 as a "buyer in the ordinary course of business." K.R.S. § 355.9–307. The appellant's contention that C.I.T. Lease did not buy the Michigan 675, but merely financed its sale to Dorminey, is misplaced. Even if the lease to Dorminey was in the nature of a security agreement, it does not alter the fact that C.I.T. Lease, in order to enter the lease agreement, had to purchase the Michigan 675 from Herco.

With respect to appellant's contention that C.I.T. Lease had knowledge of Kelly's security interest and did not purchase the Michigan 675 in good faith, this court finds the lower court's reasoning and conclusion convincing.[2]

In sum, this Court concludes that the lower court entered proper findings of fact and correctly applied the appropriate law thereto. Accordingly, the resultant judgment entered below is hereby affirmed.

**2.** *See* 576 F.Supp. at 1.