**George W. LEDFORD Chapter 13 Trustee, Plaintiff,**

v.

**THORP FINANCIAL SERVICES, Defendant.**

**In the Matter of Michael P. JOYCE, Tina M. Joyce, Debtors.**

**Bankruptcy No. 3–84–01925.
Adv. No. 3–84–0384.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 15, 1985.

Donald F. Harker, III, Dayton, Ohio, for defendant.

George W. Ledford, Englewood, Ohio, trustee-plaintiff.

Lloyd D. Cohen, Dayton, Ohio, for debtors.

DECISION AND ORDER SUSTAINING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

PROCEDURAL POSTURE AND FACTS

Plaintiff, the Chapter 13 Trustee, filed his complaint against defendant creditor, Thorp Financial services ("Thorp"), alleging that the interest claimed by the defendant in the personal property of the debtors, Michael P. Joyce and Tina M. Joyce, is an unsecured claim because of the failure of defendant to comply with OHIO REV. CODE § 1319.06, which requires a husband and wife to join in the creation of a chattel mortgage on their household property. Attached to the complaint were the following exhibits:

1.  A proof of claim filed by "Thorp" in the amount of $3,830.00 by which "Thorp" claimed a security interest in the household goods of the debtors;

2.  An installment note in the principal amount of $3,458.30 executed in fa-

vor of "Thorp" and signed by both debtors;

3. A federal disclosure statement;

4. A security agreement, which grants to "Thorp" a security interest in household goods, signed by both debtors;

5. A copy of a filed financing statement listing Michael Joyce as the debtor and signed only by Michael Joyce. The typed name of Tina Joyce has been crossed through. (Counsel substituted by stipulation a copy of the signed financing statement for the unsigned statement originally attached to plaintiff's complaint.)

Subsequent to defendant's answer, plaintiff moved for a summary judgment pursuant to Bankruptcy Rule 7056 and FED.R. CIV.P. 56 on the grounds that the pleadings demonstrated no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law. At the hearing on the motion for summary judgment, both counsel indicated that no material facts were in dispute and requested the court to render an opinion. Both parties have submitted memorandums of law.

### CONCLUSIONS OF LAW

OHIO REV.CODE § 1319.06 reads as follows:

No husband or wife shall *create any lien* by chattel mortgage or otherwise upon any personal household property owned by either or both of them, without the joint consent of both husband and wife. No such mortgage is valid unless executed by both husband and wife.

This section does not apply to any mortgage or lien for the purchase price of such property. [Emphasis Supplied]

In his memorandum of law, the Trustee asserts that because the filed financing statement was signed only by the husband, Michael P. Joyce, and Ohio law requires the consent of both husband and wife to create a lien by chattel mortgage on their person-

al household property, the lien of defendant is not valid. In his complaint the trustee states that "the defendant failed to *perfect* a security interest as to both husband and wife as required by ..." OHIO REV. CODE § 1319.06. The express language of OHIO REV.CODE § 1319.06, however, does not refer to *perfection* of a security interest, rather it prohibits the *creation* of a lien under certain circumstances. It is fundamental, of course, that the creation of a security interest and its subsequent perfection are two distinct occurrences.

■ OHIO REV.CODE § 1309.14 [U.C.C. § 9–203] specifies the events that must occur before a security interest is enforceable against a debtor. The debtor must sign a security agreement which contains a description of the collateral, value must be given, and the debtor must have rights in the collateral. Here, both debtors signed the security agreement, which described their household goods as collateral, value was given by the creditor and the debtors had rights in the collateral. Once the above elements were fulfilled the security agreement became enforceable between the parties, i.e. it "attached." OHIO REV. CODE § 1309.14(B).

In this manner the debtors *created* a lien by granting a security interest to "Thorp" in their personal household property. Because both husband and wife signed the security agreement, thereby expressing their consent to the creation of the lien, the transaction comported with the requirements of OHIO REV.CODE § 1319.06. The signing of a financing statement does not create a security interest, but serves notice to the world that the secured party, who has filed the financing statement, may have an interest in the described collateral and that further inquiry is required by interested parties as to the nature of the secured party's interest.

The other issue present in this case is whether or not the security interest created by the debtors is *perfected* against third parties.[1] As stated, OHIO REV.CODE

---

1. The Trustee did not indicate in his complaint nor in his first memorandum of law that he was

§ 1309.13 does not concern itself with perfection of the security interest, but only with its creation.

 Certain formal requisites are essential for a financing statement to be effective in perfecting a security interest. The financing statement must give the names of the debtors and the secured party, the address of the debtor, a description of the collateral and it must be signed by the debtors. OHIO REV.CODE § 1309.39 [U.C.C. § 9–402]. Not only did Tina Joyce not sign the financing statement, her typed name has been partially deleted. This court is persuaded by the great weight of authority [2] that "Thorp" did not perfect the security interest granted to it by Tina Joyce. Although sometimes harsh, the statutory requirement that a financing statement be signed by a debtor is mandatory. In some instances a financing statement will be effective even though it contains "minor errors." OHIO REV.CODE § 1309.39(H) [U.C.C. § 9–402(8)]. Absence of a debtor's signature is not such a minor error.[3] "The absence of the debtor's signature cannot properly be construed as a minor error inasmuch as the stated purpose of the signature is not notice to third parties but rather to authenticate the statement."[4] Michael Joyce did, however, sign the financing statement. The security interest which he granted to "Thorp" is clearly perfected.

For the foregoing reasons the Plaintiff's motion for summary judgment, as it pertains to the security interest granted to "Thorp" by Michael P. Joyce, is DENIED.

attempting to avoid the security interest of "Thorp" pursuant to his status as a lien creditor under 11 U.S.C. § 544(a), the "strong arm clause" of the Bankruptcy Code. Rather, it appeared that he was taking the position that the security interest of "Thorp" is simply *void ab initio* because of the financing statement being signed by only one spouse. In his second memorandum of law, the Trustee does discuss the operation of 11 U.S.C. § 544.

**2.** *Hutchinson v. C.I.T. Corp.*, 576 F.Supp. 1 (D.W. D.Ky.1982), *aff'd,* 726 F.2d 300 (1984); *Sommers v. International Business Machines,* 640 F.2d 686

In regard to Tina M. Joyce, the Plaintiff's motion is SUSTAINED.

(5th Cir.1981); *In re Maple Contractors, Inc.*, 28 U.C.C.REP.SERV. 1495 (N.J.Super.Ct.Law Div. 1979); *Southwest Bank of Omaha v. Moritz,* 26 U.C.C.REP.SERV. 231 (Neb.1979); *Provident Finance Co. v. Beneficial Finance Co.,* 245 S.E.2d 510 (N.C.Ct.App.1978); *Maine League Federal Credit Union v. Atlantic Motors, Inc.,* 6 U.C.C. REP.SERV. 198 (Me.1969).

**3.** *In re Industro Transistor Corp.,* 14 U.C.C.REP. SERV. 522 (D.E.D.N.Y.1973); *In re Murray,* 2 U.C.C.REP.SERV. 667 (D.Or.1964).

**4.** *In re Industro Transistor Corp., Id.* at 524.