## DONNELLY v. LULFS ET AL.

*Exemptions — Husband and wife — Allowance in lieu of homestead — Foreclosure of chattel mortgage — Distribution of proceeds.*

The wife is not entitled, to the exclusion of the mortgagee, to five hundred dollars in lieu of homestead out of proceeds of sale on foreclosure of chattel mortgage given by the husband on his property.

(Decided December 12, 1918.)

ERROR: Court of Appeals for Henry county.

*Messrs. Donovan & Donovan,* for plaintiff in error.

*Mr. George S. May; Mr. O. H. Mosier; Mr. Fred Gribbell* and *Messrs. Donovan & Warden,* for defendants in error.

HUGHES, J. There was taken into the custody of the receiver appointed in this cause, being an action to foreclose a chattel mortgage, the chattel property of the defendant, William Lulfs, and at a sale ordered by the court the property sold for $941.16.

There were three chattel mortgage liens, and one judgment, with execution lien, against the property. The wife, who signed none of the notes or chattel mortgages, demands as exempt $500 in lieu of homestead.

It is conceded by all parties that she is entitled to this exemption, if the liens above mentioned do not foreclose the same. It is also conceded by the parties that the first lien is the Rothenberger Brothers' chattel mortgage for $61.90; that the

second lien is The International Harvester Company chattel mortgage for $274.60; that the third is the judgment and execution lien of The Corn City State Bank of Deshler, $240.42; and that the fourth lien is Patrick Donnelly's chattel mortgage of $929.20.

The question presented to this court is whether or not the wife is entitled to an exemption in lieu of homestead, notwithstanding her husband has executed chattel mortgages to the full value of the property.

The court below ordered the distribution of the fund in the following order: First, the payment of costs; second, $500 to the wife of defendant Lulfs in lieu of a homestead; and, third, the balance distributed to the defendants according to priority of their liens, as above set forth.

We find no authority which would prevent a husband from making an absolute conveyance or incumbrance of his chattel property without joining his wife with him in the transaction. Neither do we find any authority which would preserve to her in such circumstances any of such chattels as exempt from the operation of such mortgages.

We do not here make any reference to any particular items of chattel property that are specifically exempted, because it is conceded by all parties that none of the chattels involved herein were of such character.

We are constrained, therefore, to hold that this allowance to the wife prior to the payment of the chattel mortgages was erroneous. *Gibson* v. *Mundell et al.,* 29 Ohio St., 523, and *Hanes* v. *Tiffany,* 25 Ohio St., 549.

It will be observed, however, that the third lien, which is superior to the Patrick Donnelly chattel mortgage lien, is the Corn City State Bank's judgment lien of $240.42.

There can be no doubt that the exemption claim of the wife in this case is superior to this judgment lien. The distribution should be, therefore, as follows:

First. The payment of costs.

Second. The claim of Rothenberger Brothers.

Third. The claim of The International Harvester Company.

These three items should be added and taken from the proceeds of sale. The Corn City State Bank judgment would then be entitled to participate in any remainder after the $500 in lieu of homestead was set aside to the wife of the defendant Lulfs. The claim of Patrick Donnelly, however, being for more than enough to consume the entire balance of the proceeds of sale, and being superior to the claim for this exemption, there would be no fund left out of which any amount could be paid to Mrs. Lulfs. The amount remaining, then, should be applied to The Corn City State Bank judgment, and the balance should then be paid to the Patrick Donnelly claim. We make no further observation regarding other claims because it is apparent that this distribution more than consumes the proceeds of sale.

To clarify this opinion it may be illustrated as follows: Assume the costs to be $50, Rothenberger's claim $61.90, and The International Harvester Company's claim $274.60; these, the first three claims in their order, amount to $386.50;

deduct this amount from the selling price of the property, $941.16, which leaves $554.66; taking from this amount the $500 in lieu of homestead would leave $54.66, the amount to be applied on The Corn City State Bank judgment, and this item of $54.66, added to the distribution made in the first three items, would amount then to $441.16, which, taken from the proceeds of sale, would leave $500 to be paid on the Patrick Donnelly claim.   In other words, assuming that the items of costs and the amounts of the various claims are stated correctly, the distribution would be as follows: Costs, $50; Rothenberger Brothers, $61.90; International Harvester Company, $274.60; Corn City State Bank, $54.66, and Patrick Donnelly, $500.

See *Babbett & Herman et al.* v. *Morgan, Root & Co. et al.,* 31 Ohio St., 273.

*Judgment reversed.*

KINDER and CROW, JJ., concur.