### RIDENOUR et v SCOTT

Ohio Appeals, 6th Dist, Fulton Co
No. 9839.   Decided April 22, 1931

F. S. & J. M. Ham, Wauseon, for Ridenour et.
C. G. Koester, for Scott.

LLOYD, J.

The question here in controversy is whether a wife who has not executed a chattel mortgage duly executed by her husband and which otherwise is a valid and subsisting lien upon the property mortgaged, is entitled to have or select therefrom, in lieu of a homestead, any property as exempt from execution, neither herself nor her husband being the owner of a homestead.

It is stated in 25 C. J., Sec. 187, p. 108, that

"The consent of the wife or husband, as the case may be, of the debtor is not, in the absence of an express statutory or constitutional requirement, essential to the transfer or encumbrance of exempt personal property."

Similarly, it is said in 11 R. C. L., §61, at page 544, that

"In the absence of a prohibitory statute, a mortgage or pledge of exempt property is valid and the execution of such an instrument constitutes a waiver of the exemption as to the debt secured."

There is no statute in Ohio of which we are aware or to which our attention has been called, that requires the consent of the wife to validate a mortgage of chattel property by the husband and owned by him, except §8565-1, GC, which relates solely to

"personal household property."

It has been argued that the Supreme Court has at least impliedly held, in **Dean v McMullen, 109 Oh St, 309,** that Mrs. Ridenour, not having signed the mortgage in question, is entitled to claim as exempt in lieu of a homestead the chattel property covered thereby. The controversy in the McMullen case related to a provision in a lease to the effect that lessor should have a "lien for the rent or damages under this lease, whether exempt from execution or not" upon "all goods and chattels or any property used or kept on said premises." The Supreme Court expressly distinguishes the facts there involved from the situation presented in the instant case. At page 316, the court says:

"But the agreement does not constitute a chattel mortgage. If it did, **Frost, Jr. v Shaw, 3 Oh St, 270,** would apply. It contains no conveyance to the mortgagee to secure the performance or non-performance of an act defeasible upon the performance of the conditions of the lease; it is not executed nor recorded, as required to constitute a valid chattel mortgage. At the very most, subdivision 9 of the lease constitutes an instrument in the nature of mortgage rather than a mortgage itself."

We conclude that the judgment of the Court of Common Pleas is correct and the same is therefore affirmed.

RICHARDS and WILLIAMS, JJ, concur.