**SCHAUB v WELFARE FINANCE CORP.**

Ohio Appeals, 2nd Dist, Shelby Co.

No. 114. Decided Dec. 4, 1939.

H. K. Forsyth, Sidney, for plaintiff-appellant.

S. J. Hetzler, Sidney, for defendant-appellee.

OPINION

By GEIGER, J.

This case is before us upon an appeal from the judgment of the court below, on questions of law.

The petition recites, in substance, that the defendant is a corporation engaged in loaning money. It is further alleged that while plaintiff and her husband, Theodore J. Schaub, were residing together in Sidney, Ohio, the defendant and said Schaub, on the 11th of October, 1937, entered into a conspiracy to defraud plaintiff of her property in the following manner: The defendant loaned to Schaub, the husband, $200.00, taking a chattel mortgage as security therefor, which conveyed to the defendant household property located in the home of the parties and concurrently with the execution of the mortgage the defendant caused Schaub to execute a cognovit note for $200.00, all of which acts were

done without the knowledge and consent of the plaintiff. It is further alleged that said loan would not have been granted to said Theodore J. Schaub by the defendant without the chattel mortgage; that the defendant filed the mortgage with the Recorder of Shelby County on the 13th of October, 1937; that on the 5th of November, 1937, plaintiff and her husband caused the property to be temporarily stored by a storage company where it remained until seized on execution; that on the 27th of August, 1938, defendant recovered a judgment against Schaub on the cognovit note for the sum of $231.29; that defendant wrongfully and with intent to deprive plaintiff of her property and convert the same to its own use caused an execution to be issued directed to the sheriff, who under the direction and command of the defendant seized a large amount of personal property of which plaintiff was the sole owner and of which she was entitled to immediate possession, same being in the custody of the storage company; that in pursuance of the execution and levy caused by the wrongful act of defendant the sheriff sold the property on the 15th day of October, 1938. Plaintiff says by reason of the wrongful execution and sale caused by the illegal acts of the defendant her said property has been converted to the defendant's use to her damage in the sum of $1500.00.

An amended answer was filed admitting certain allegations, among them the allegation of the petition in reference to the execution of the note, the recovery of the judgment, the issue of the execution, the seizure by the sheriff "under the direction and order of the court" of the personal property of Theodore J. Schaub; that the property was sold on the 15th day of October, 1938, in accordance with an advertisement. Any ownership of the plaintiff is denied and the defendant denies any conspiracy or any conversion of the property by the defendant.

A trial was had before a jury and when the evidence of both plaintiff and defendant had been introduced, a motion was made by the defendant for a directed verdict on several different grounds, among them being that the plaintiff did not produce any evidence to prove a conspiracy or any evidence to prove any violation of the laws relative to the making of loans or any evidence to prove the defendant wrongfully deprived plaintiff of her property or any evidence to prove that the defendant directed or commanded the sheriff to seize, advertise and sell the property. Upon consideration of this motion the court granted the same, instructing a verdict on behalf of the defendant. A motion for new trial was made, overruled, notice of appeal given and case lodged in this court.

The assignment of errors is to the effect that the court erred in instructing the jury to return a verdict in favor of defendant at the close of all the evidence; that the verdict is contrary to law; for errors in the court's refusal to submit the case to a jury and for other errors.

On the trial of the case the evidence introduced by the plaintiff tends to show that on the 11th of October, 1937, without the knowledge of the plaintiff, the defendant made a loan to her husband for the sum of $200.00 and that the husband gave therefor a cognovit note and at the same time executed a chattel mortgage upon household property, which the plaintiff asserts was her property. She never joined in the mortgage and never knew of its existence; that on the 5th of November, 1937, her husband having lost his position, they gave up their house in Sidney and on that date put the furniture in storage, they thereafter separating, she going to Cleveland and he to Indiana. The goods were placed in storage in the name of the husband with her knowledge, she stating that she supposed it was proper because he was the head of the family. On November 4, 1937, before the storage was completed, he signed a bill of sale to his wife of all his right, title and interest in all the furniture heretofore jointly owned by them, the same to be hers absolutely. Thereafter on August 27, 1938, judgment was se-

cured on the cognovit note and execution issued and the goods levied upon and sold for $436.05, which sum is in the hands of the sheriff, not having been distributed to the defendant.

No procedure was had by the defendant on the chattel mortgage, defendant admitting that it knew the same was worthless because it was on household goods and not signed by the wife. It is explained by the defendant that the chattel mortgage was taken under the promise of Schaub, the husband, who had signed it, to secure the signature of his wife, but that repeated attempts upon the part of the defendant failed to disclose her whereabouts or to secure her signature.

The defendant stated that the loan was made in two sums of $100.00 each upon the assertion by Schaub that he would secure the signature of his wife to the mortgage and also because it was an emergency loan and that Schaub's credit was good.

We discover no evidence to support the allegation that there was a conspiracy between the defendant and Theodore J. Schaub to defraud plaintiff of her property and there is no evidence to support the allegation that the loan would not have been granted had Schaub not given the chattel mortgage.

The allegation that the sheriff acted "under the direction and command of the defendant" is inferentially supported by the testimony of the sheriff that he received the information as to the storage of the goods from Mr. Hetzler, the attorney for the defendant, the attorney directing him to levy the execution upon goods of Theodore J. Schaub without giving any description of the particular goods to be seized except the general description "household goods," and that the sheriff at the time he made the levy thought that he was levying on the goods of the husband.

Counsel for appellant stresses the provisions of §8565-1, GC, which provides, in substance, that it shall be unlawful for either husband or wife to create any lien by chattel mortgage upon any personal household property owned by either or both, without the joint consent of both husband and wife and that no such mortgage shall be valid unless executed by both husband and wife.

If the matters before us involved any act of the defendant in an attempt to seize the goods by virtue of this mortgage or to foreclose it, the position of counsel would be correct. The statute definitely says that no such mortgage upon household property shall be valid unless executed by both husband and wife. The defendant gives a plausible reason why it took the mortgage from the husband without the signature of the wife, stating that the husband represented that the wife would sign it at a later date. The defendant also accounts for the filing of this chattel mortgage as being the result of an oversight. No effort was made to foreclose the mortgage or to seize the property by virtue of any of its provisions. The defendant followed the statutes as to judgment on the note, issuing of execution and levy and sale of the property. We are of the opinion that the giving of the ineffective chattel mortgage does not invalidate the transaction nor deprive the defendant of its right to pursue the remedy provided by the statute for the collection of its judgment upon the promissory note.

The evidence was abundant to support the claim of the plaintiff that the property was hers, either through original purchase or by virtue of the bill of sale made on November 4, 1937.

How then stands the case? The plaintiff alleges a conspiracy and also that the loan would not have been granted had her husband not given the chattel mortgage. She offers no evidence to support either of these allegations. The allegation that the sheriff acted under the direction of the defendant is only inferentially supported. The plaintiff has secured no right by virtue of the fact that her husband signed a chattel mortgage. To the above extent the plaintiff has failed to prove her right to recover.

However, there is undisputed evidence that the property was hers and not that of her husband; that it was taken on an execution against her husband and all of it except a few trinkets sold for $436.05, whereas the judgment upon which execution was issued amounted only to $231.29. The sheriff could have stopped the sale when he secured an amount sufficient to cover the judgment and costs. The sheriff has not been made party defendant. The recovery is sought against the judgment creditor alone.

What, however, is the sheriff's liability even though he were not made a party? **State v Jennings, 14 Oh St 73,** holds in reference to a writ of replevin, which specifically describes the property, that it confers no authority on the officer to seize the property which is not actually or constructively in the possession of the party named in the process.

"And where the property is taken from the possession of a third person, who is the **bona fide** owner thereof, the process will not justify the officer, although it be the identical property described therein."

We see no difference so far as this matter is concerned between a writ of replevin and a writ of execution.

In **Sparling v Todd, 27 Oh St 521,** it is stated by Ashburn, J., on page 525, that it may happen at the sale that a part only of the property need be sold to satisfy the execution.

"In that case the constable will not be justified in selling more than is needed. If the property is susceptible of division into parcels, and the constable sells more of the property than is necessary to pay the claim and costs, he will be responsible to the debtor for the property thus sold unnecessarily."

**Case v Hart, 11 Ohio 354,** is in effect as follows, a landlord reserving as rent part of the grain has a lien upon the growing crop and the entire crop can not be removed by the tenant until the

rent is provided for. Birchard, J., states on page 368:

"But the constable, occupying the place of the tenant in this matter, seized and sold, and the purchaser carried away, the whole crop, by which the landlord's interest in it was lost. The sale wrought as to him a conversion and destruction of the whole property."

In **36 O. Jur. 665, §14,** it is stated:

"The liability of a sheriff or constable extends to the manner of levy and seizure of property. Obviously, for any wrongful levy or seizure such officers are liable. If a constable goes beyond his legal duties in levying execution, he is a trespasser. In such case he has no greater rights than any other individual. Sheriffs and constables are liable for attaching or taking on execution goods exempt by law and for levy on goods of a third party."

In **24 R. C. L., page 931, §21,** it is stated:

"It is the well settled general rule that in executing a writ of attachment or execution, a sheriff or other officer is bound at his peril to take the debtor's goods alone, and is guilty of trespass for taking the goods of a stranger. It is not enough that the officer should presume, even on strong grounds, that the property is the defendant's; he must know it."

In **24 R. C. L. 946, §41,** it is stated:

"While it may be that an excessive levy does not vitiate the title of the officer to the property levied on, it is a rule nevertheless that where the officer wilfully makes an excessive levy, it is as flagrant a wrong as levying on the excess without any process at all. And where a sale of property under execution is so disproportioned in value to the amount to be raised as to create the presumption of fraud or reckless indifference to the obligations of his trust

on the part of the officer, it is void. The basis of the cause of action against an officer for an excessive levy is that he is a trespasser and cannot set up a legal warrant for his action. He becomes a trespasser although acting under process, when he exceeds or abuses the authority given by such process. Before, however, he can be said to have exceeded or abused such authority, it must be shown that he acted oppressively or that he intended to do the defendant a wrong under authority of the writ in his hands."

In 10 R. C. L., 1394, §185, it is stated:

"Plaintiffs in execution are liable as trespassers in many instances in which wrongful executions have been levied, particularly when the plaintiff directs the act which the officer performs. According to some authorities the plaintiff is not liable unless he authorized the officer's acts, or unless he aided or abetted them. However, it has been held that execution creditors are liable for an illegal seizure, though they did not authorize the officer to seize the property in question. Where the wrongful execution was issued at the instance of the creditor's attorney the creditor is liable, * * *."

See 39 American Dec., 509.
See 91 A. L. R. 922, and cases cited.
Hale v Ames, 15 American Decisions, 150, holds:

"A plaintiff in execution procuring a levy to be made on a stranger's goods is guilty of a conversion whether he takes possession or not. Conversion is any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession."

This case is interesting and informative in its discussion of what constitues a conversion.

We think we can safely conclude that if the sheriff seized and sold goods that  did not belong to the judgment debtor, that he was guilty of a trespass

and is liable for conversion and that had the sheriff been joined in this action as a party defendant with the judgment creditor that both would have been liable for the wrongful act of the sheriff.

The question still remains as to whether the plaintiff in this case can pursue the judgment creditor without joining the sheriff. We see no reason why this can not be done, nor do we feel that this action fails  for the reason that no conspiracy was proved. No conspiracy was necessary to establish the plaintiff's rights. She was entitled to recover because her goods were wrongfully seized and sold.

The court below sustained the motion to direct a verdict for the defendant on the grounds we have already enumerated. In this, we feel he committed error prejudicial to the plaintiff. The uncontradicted testimony shows that the plaintiff was wrongfully deprived of her property through an action begun by the defendant.

Judgment reversed and cause remanded.

HORNBECK, PJ. & BARNES, J., concur.