OPINION
BY THE COURT:
This matter is before this court on appeal on questions of law from the judgment of the court below on a petition in replevin filed by the Hale Furniture Company against John Markley, Jr. and Opal Markley.
The allegations are that plaintiff is the owner and entitled to im *464 mediate possession of certain described personal property which defendants wrongfully retained to the defendant’s damage in the sum of $100.00. An affidavit in replevin is filed as required by the statute. An order for the delivery of the personal property was issued to the sheriff who made a return that on the 17th day of January, 1941, he took into his possession the chattel property which he had appraised.
Thereupon, the defendant, Opal Markley, gave a redelivery bond.
Opal Markley filed an answer .and cross-petition. As her first defense, she denies all the allegations of the petition.
As a second defense, she recites she has been in possession of the goods described as a bona fide purchaser thereof for value and that she was not indebted in any amount to the plaintiff and is not a party to the pretended chattel mortgage which the plaintiff claims to hold against the household goods; that the pretended mortgage is not and never was a valid lien against the property. As her cross-petition, she alleges that as a result of the replevin and seizure of the property on January 17, 1941, she was injured in health to her damage in the sum of $500.00.
John Markley, Jr., one of the defendants, for answer files a general denial to the allegations of the petition.
During the course of the trial there was introduced the note given by John Markley, Jr. under date of November 1, 1939, to the Hale Furniture Company for $100.50. The note was a combination note and chattel mortgage covering the goods in question. There is an assignment upon the note to the Hub City Finance Corporation of all the interests of the Hale Furniture Company. It is testified that said combination note and chattel mortgage was properly filed. There is some evidence to this effect, but none that we find endorsed upon the instrument.
Mrs. Opal Markley is the mother of John Markley, Jr. She testifies that the property enumerated in the chattel mortgage was at her residence in West Milton, Ohio; that the sheriff sought to take the same on writ of replevin; that the same had been “given” to her by her son, who was. the original purchaser, in payment of monies due to her from him through loans and amounts due for board and lodging. At the time the note was given by John Markley, Jr. he was married but not living with his wife. The note is not signed by the wife and it is claimed that the same is void as a chattel mortgage under the provisions of §8565-1 GC which provides that it shall be unlawful for either husband or wife (where that relation exists) to create any lien by chattel mortgage upon any household property owned by either or both, without the joint consent of both husband and wife and from and after the time this act shall take effect no such mortgage on personal household property shall be valid unless executed by both husband and wife.
At the conclusion of plaintiff’s testimony, a motion was made for a directed verdict which was overruled. The same motion was renewed at the conclusion of the defendant’s testimony and thereupon the plaintiff moved for a directed verdict after having demurred to the evidence. The court held that due to the filing of the two motions it became the duty of the court to withdraw the case from the consideration of the jury and to pass upon the questions of law and fact. The court thereupon concluded that John Markley, Jr. *465 must be dismissed as a party defendant for the reason that there is no evidence that he detains any property so as to form the basis for an action in replevin. It is also the conclusion of the court below that the plaintiff should recover from the defendant the specific personal property described in the petition, the court finding that the plaintiff has a special property in said personal property by reason of the mortgage and for such reason is entitled to the immediate possession thereof, the terms of the mortgage having been broken. The court also sustains the demurrer upon the defendant’s cross-petition claiming damages.
The defendant-appellant assigns five errors of which complaint is made.
1 and 2. Error in overruling motion for directed verdict.
3. Error in sustaining plaintiff’s demurrer.
4. Error in rendering judgment against defendant, Opal Markley.
5. Other errors.
We find that in the first three errors complained of the court below committed no prejudicial error. The fifth assignment will also be overruled.
The matter will be considered under the fourth claimed error, generally stating that the court erred in rendering judgment for the plaintiff.
In 1937, John Markley, Jr., the son of Opal Markley, purchased certain household furniture of the plaintiff-appellee on open account, the furniture being delivered to him and the title passing to him. There was no mortgage given at the time or promissory note. Payments were made on the open account'between the parties until November, 1939, when Markley executed a combination note •and mortgage to the Furniture •Company for $100.50, the balance then due on the open account. The Hale Furniture Company then sold and assigned this note to the Hub City Finance Corporation and received payment in full. At this time John was married but not living with his wife and she did not sign any of the papers. Within four months after giving the note, John filed petition in bankruptcy and was discharged in due course. The Hub City Finance Corporation, as assignee of the note, was; listed as one of the creditors in the bankruptcy proceeding. After John was discharged in 1940, he gave the furniture in question to his mother in payment of a preexisting debt and it has been in her possession ever since. The note of the Finance Company was never paid either to that company or to the Furniture Company. By book transaction between the Furniture Company and the Finance Company it would appear that the Finance Company became the owner of the note, the Furniture Company guaranteeing payment, which it afterwards did voluntarily. It did not re-assign or re-transfer the original note and the same still exists with its assignment to the Hub City Finance Corporation. No foreclosure of mortgages was made.
The defendant-appellant insists, that the Hale Furniture Company has no property in the furniture and is not entitled to the possession for the reason that the mortgage was not given concurrently with the purchase of the furniture but several years thereafter to secure the balance on an open account and it was not therefore a purchase money mortgage; that it should have been signed by the wife of John and not having been so signed was invalidated under the statute above referred to. It is claimed by the appellant that there is no evidence in the record *466 that the pretended mortgage, after the claimed payment by the Furniture Company to it, was ever re-assigned to the Furniture Company. It is claimed that the alleged chattel mortgage is nothing more than a promissory note payable in installments and that the Furniture Company has no special property in the furniture.
As we view the evidence, it is briefly to the effect that John, the son, bought the furniture of the Hale Furniture Company during the time he was married but not living with his wife, from whom he was later divorced. The statute makes the signature of the consort necessary where that relation exists. We are not prepared to say that a husband and wife, still legally married but not living together, fall within the necessary operative provision of the statute “where that relation exists”. If it be true that a husband and wife not living together and afterwards divorced are not within the exception of this statute, “when that relation exists”, then we would be required to hold that the .mortgage was void not having been executed by both husband and wife.
But, aside from this question which we do not now determine, it distinctly appears that John was not. at the time the action in replevin was brought, in possession of the property, it having long before been delivered to and was in possession of his mother; that by the arrangement between the Finance Company and the Furniture Company as soon as a mortgage was given the Finance Company paid to the Furniture Company the amount of the outstanding secured indebtedness and the note thereupon became the property of the Finance Company. This condition existed at the time of the bankruptcy and the Finance Company was listed as the creditor. When the last payment became due the Furniture Company reimbursed the Finance Company for the amount of the loan and presumably the Finance Company assigned the note and mortgage back to the Furniture Company. However, this does not appear to be in evidence. We are therefore driven to the conclusion that the plaintiff has not shown that at the time the replevin was brought it had a right to the immediate possession of the chattel property. If this be so, the court was in error in holding as it did.
No brief has been filed by the plaintiff-appellee.
Judgment reversed and cause remanded.
GEIGER, PJ., BARNES & HORN-BECK, JJ., concurring.