**HALE FURNITURE CO., Plaintiff-Appellee v MARKLEY, Jr., et Defendant-Appellant.**

Court of Appeals, 2nd District, Miami County.

No. 418. Decided November 4, 1942.

Michael E. Norris, Troy, for plaintiff-appellee.

Baird Broomhall, Troy, and W. L. Martindale, Troy, for defendant-appellant.

40

## OPINION

BY THE COURT:

Submitted on the application of plaintiff-appellee for rehearing. Eight grounds are asserted which we will not take up seriatim, but which will be discussed generally and to the extent necessary to give proper and adequate consideration to the application.

We regret that counsel did not avail himself of the opportunity of arguing the case on the merits by brief before decision. Much of the discussion in the application for rehearing would have been more appropriate in an answer brief on the merits. However, we will give consideration to the application.

It is claimed that we erred in considering the weight of the evidence as the appeal was on questions of law. It is appropriate to consider the weight of the evidence on such appeals and the question was raised and urged in appellant's 4th and 5th assignments of error.

The decision does not dispose of questions raised by the appellant on its appeal. We recognize that we are required to consider and determine all errors assigned, but we doubt if the failure to do so may be urged by the appellee inasmuch as the claimed errors are asserted to have been committed favorably to the appellee and against the appellant.

The Court discusses, but does not decide the questions of law involved. It is true that we did not specifically pass upon one major proposition of law involved, namely, the application of §8565-1 GC to the facts developed. We now consider both §8565-1 and §8565-2 GC. In so doing we recognize that our interpretation is largely a matter of first impression, because we do not have available any adjudication in Ohio upon the specific questions. If there are such they are not cited and we have found none upon independent investigation.

It appears that in the instant case the wife of the mortgagor was not at the time of the giving of the mortgage in question. and had not been for months prior thereto, living with her husband. It is, therefore, urged that she was not required to sign the chattel mortgage under §8565-1 GC because the relation of wife did not exist at the time of giving the mortgage. The statute provides:

"It shall be unlawful for either husband or wife (where that relation exists) to create any lien by chattel mortgage or otherwise upon any personal household property owned by either or both of them, without the joint consent of both husband and wife, and from and after the time this act shall take effect, no such mortgage of such personal household property shall be valid unless executed by both husband and wife."

The statute does not say husband or wife living together, but "where that relation exists". The relation did exist. The mortgagor had a wife when the mortgage was given. There is no status known to the law of which we are cognizant wherein the marital relation may not be said to exist merely because husband and wife are not living together.

But §8565-2 GC sets up an exception to the application of §8565-1:

"The provisions of the act shall not apply to any mortgage on personal household property now in force nor to any **mortgage** or lien **for the purchase price of such property,** * * *." (Emphasis ours.)

There thus arises the very nice question whether or not the mortgage in the instant case was given for the purchase price of the furniture mortgaged. It appears that this furniture had been sold for months before the execution of the mortgage. The purchase price had been reduced practically 50%. At the time of the sale the plaintiff, the seller, did not take a mortgage, but completed the transaction upon the credit of the purchaser and set it up as an open account. Later, to secure the open account the seller prevailed upon its debtor to execute a chattel mortgage. Was this within contemplation of the statute a mortgage for the purchase price of such property? We think not. Clearly, the seller had its option of treating the obligation of the buyer as a purchase money obligation and then or reasonably soon after the sale have taken a mortgage in which event there would be no question that it was a purchase money mortgage, but the seller elected to treat the obligation of the debtor as that of an open account. It could not therefore convert the open account to the status of purchase money due.

Our attention has been called to one case wherein one who advanced money to pay for a purchase money mortgage was given advantage as the holder of a purchase money mortgage. However, upon the theory of subrogation the one who advanced the money stood in the shoes of the original mortgagee, and therefore the original mortgage, being a purchase money mortgage, the individual who advanced to the debtor the money to liquidate the mortgage properly was entitled to the benefit of said mortgage.

It is our conclusion then that the mortgage in the instant case was not valid inasmuch as it was not signed by the wife of the mortgagor and the plaintiff was not entitled to the exception provided by §8565-2 GC.

Having construed §8565-1 and §8565-2 GC contra the contention of appellee, we stand upon our former opinion to the effect that defendant, Opal Markley, was the purchaser of the property for value, even though she characterized the transaction where she took the property as a gift. From all the facts appearing it

is reasonably certain that at the time the furniture passed to her John Markley, Jr., was her debtor in a considerable sum.

In view of the fact that John Markley, Jr. had gone into bankruptcy after the execution of the mortgage, listed the claim now set up by the plaintiff as a debt owing the finance company, and had been discharged, if the question of the effect of the discharge upon the right of the plaintiff to maintain the action had been asserted, we would have other interesting questions. Especially is this true inasmuch as it does not appear that the note and mortgage was formally assigned by the finance company to the plaintiff.

The only modification in our former judgment will be that, inasmuch as we have now determined that by virtue of §8565-1 GC the wife of John Markley, Jr., should have signed the mortgage to the plaintiff, failing to do so it was rendered invalid. The mortgage being invalid the plaintiff could not establish any right to the immediate possession of the chattel property in its replevin suit.

The judgment will, therefore, be for defendants, John Markley, Jr., and Opal Markley. Costs assessed against the plaintiff and cause remanded.

GEIGER, PJ., BARNES and HORNBECK, JJ., concur.