No. 84-116

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

MICHAEL IRVING FOLEY and CHERYL
DENISE FOLEY,

        Plaintiffs and Appellants,

-vs-

AUDIT SERVICES, INC., a Montana
Corporation,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Harrison, Yeshe & Thweatt, Harold H. Harrison argued,
Helena, Montana

    For Respondent:

        Swanberg, Koby, Swanberg & Matteucci; Robert J.
Vermillion argued, Great Falls, Montana

---

        Submitted:   October 30, 1984

          Decided:   January 3, 1985

Filed: JAN 3 1985

*Ethel M. Harrison*
---
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Michael Irving Foley and Cheryl Denise Foley filed this action against defendant Audit Services for wrongful execution and conversion. Plaintiffs' bank account was levied upon under a writ of execution obtained by Audit Services. Plaintiffs were strangers to the action from which the writ issued against the judgment debtor, Mike Foley. Plaintiffs seek actual and punitive damages. The Lewis and Clark County District Court granted summary judgment in favor of Audit Services and plaintiffs appeal. We affirm.

The issues are:

1. Did the the District Court err in concluding that the judgment creditor, Audit Services, did not direct the wrongful levy of execution against plaintiffs?

2. Did the District Court err in concluding there is no genuine issue of material fact regarding malice?

Audit Services obtained a judgment in 1981 against one "Mike Foley" in Jefferson County. On September 7, 1983 counsel for Audit Services obtained a writ of execution from the Jefferson County District Court pursuant to the 1981 judgment. The writ and praecipe were addressed to the Lewis and Clark County Sheriff and were mailed to the sheriff by counsel for Audit Services on September 8, 1983. The praecipe requested the sheriff to levy on all monies, credits or debts due and owing to Mike Foley in possession or control of certain listed banks or Mike Foley's employer.

On September 16, 1983 the sheriff served the writ of execution on the establishments listed in the praecipe. First Security Bank debited plaintiffs' account for $51.74, the entire account balance. The record is silent regarding how or why the bank allowed levy against "Mike Foley" on an account named "Michael Irving Foley and Cheryl Denise Foley."

2

None of the other entities delivered any assets to the sheriff.

Audit Services contends that no one connected with Audit Services was informed of anything nor communicated with the sheriff regarding the writ of execution from the time it was sent to the sheriff until Audit Services was served with the complaint in this action on September 28, 1983. Further, when Audit Services learned that the levy had been attempted, it requested that the sheriff release any funds received as a result of the levy. Plaintiffs do not dispute these contentions.

On September 26, 1983 plaintiffs filed a two-count verified complaint against Audit Services. The second count, requesting injunctive relief, was resolved by stipulation of the parties and is not a subject of this appeal.

The first count of the complaint alleged wrongful execution, conversion, abuse of process and invasion of privacy. The complaint further alleged that as a result of defendant's actions, plaintiffs suffered embarrassment, humiliation, mental anguish and damage to their reputation. The complaint alleged that defendant's conduct was outrageous, accompanied by oppression, fraud and malice, and entitles plaintiffs to exemplary damages.

On October 14, 1983 Audit Services made a combined motion to dismiss or for summary judgment. Plaintiffs opposed the motion and moved for summary judgment, but filed no affidavits, electing to rely solely on the allegations of their verified complaint.

On January 20, 1984 the District Court issued an order granting summary judgment in favor of Audit Services and denying plaintiffs' motion. The District Court found there were no material fact issues; that under Rule 56(e),

3

M.R.Civ.P., plaintiffs were not entitled to rely upon the allegations of their complaint; that defendant was not liable for wrongful execution because it did not advise, direct or assist in commission of the wrongful execution, but had merely obtained a writ of execution and sent it to the sheriff. Plaintiffs appeal.

I

Did the District Court err in concluding that defendant did not direct the wrongful levy of execution against plaintiffs?

Plaintiffs do not dispute the general rule of law relied upon by the District Court, that an execution creditor who advises, directs or assists in a wrongful execution is liable. However, they contend it was erroneously applied by the District Court. Plaintiffs argue that by obtaining the writ and sending it and the praecipe to the sheriff, Audit Services "directed" the wrongful execution within the meaning of the general rule. They contend case law supports a finding of liability on these facts. Thus, they argue, the court erred in granting summary judgment for Audit Services.

Defendant emphasizes the general rule relied upon by the District Court, noting that a creditor who obtains a writ of execution presumes no unauthorized action will be taken and is not liable unless he assists, advises, or participates directly in the wrongful aspect of the execution, or subsequently ratifies the sheriff's actions. Audit Services argues it did not "direct" the wrongful execution within the meaning of the rule.

We conclude that the District Court correctly applied the general rule regarding wrongful execution. The rule states:

4

"The liability of an execution creditor for a wrongful levy or sale under an execution does not rest on his causing the writ to be issued and delivered to an officer, but rests on his direction or ratification, or assistance or participation in the commission, of the wrongful act or on his authorization of directions or instructions given by his attorney.

"When [the judgment creditor] places his execution in the hands of an officer for service, he is presumed to intend that no action shall be taken thereunder not authorized by the terms of the writ, and, in the absence of ratification, he will not be liable for a wrongful execution of the writ unless he ordered or directed the officer or participated directly or otherwise than by merely causing the issuance of the process and the delivery of it to the officer. However, if it is shown that the execution creditor advised, directed or assisted in, the commission of the unlawful act he will be liable with the officer for the injury sustained." 33 C.J.S. Executions section 456(b)(2).

Here, the record is completely devoid of facts suggesting that Audit Services in any way participated in or directed the wrongful execution on plaintiffs' bank account. Audit Services lawfully obtained a writ of execution directed against assets of "Mike Foley." Contrary to the directions in the writ of execution and praecipe, levy was made on an account in the names of Michael Irving Foley and Cheryl Denise Foley. The wrongful levy of execution was made without any direction or participation by Audit Services.

Case law supports the critical distinction between merely obtaining the writ and giving it to the sheriff on the one hand, and actively directing or participating in the wrongful execution on the other hand. Liability is generally premised upon direct participation, such as advising the sheriff to seize certain assets not belonging to the judgment debtor or ratification of the sheriff's wrongful acts. See, e.g., Mica Industries, Inc. v. Penland (N.C. 1959), 107 S.E.2d 120; Pinkston v. Wills (Tex. 1947), 200 S.W.2d 843. None of these elements are present here.

5

Plaintiffs nonetheless argue that Audit Services "directed" the wrongful execution here by merely obtaining the writ and sending it to the sheriff, thereby initiating the process whereby plaintiffs were harmed. In Schaub v. Welfare Finance Corporation (Ohio 1939), 29 N.E.2d 223, the creditor of the husband obtained a writ and delivered it to the sheriff, who levied on the wife's property. Under Ohio law, her property could not be seized to satisfy her husband's debt. The appellate court reversed the trial court's entry of a directed verdict in the creditor's favor. However, in Schaub, the creditor's attorney told the sheriff to levy on specific property which belonged to the wife. 29 N.E.2d at 224. Schaub is therefore factually distinguishable from the present case. Moreover, as the general rule regarding wrongful execution liability provides, liability does not rest on merely causing the writ to be issued and delivered to an officer.

We hold the District Court correctly concluded that defendant Audit Services did not direct the the wrongful levy of execution against plaintiffs.

Plaintiffs also argue that Audit Services is liable under a conversion theory through an agency relationship with the sheriff. We disagree. A sheriff is not a creditor's agent with respect to unlawful acts. 70 Am.Jur.2d sheriffs, Police, and Constables section 1. Moreover, if the creditor authorized the unlawful act, the creditor would be liable in its own capacity for wrongful execution.

We hold that the District Court properly granted summary judgment in favor of Audit Services on the issue of liability for wrongful execution on plaintiffs' bank account.

Having concluded that the District Court properly granted summary judgment on the liablity issue, we find it

6

unnecessary to address the second issue regarding plaintiffs' punitive damages claim.

The District Court's judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices