BETHEL, APPELLANT, *v.*
DUNIPACE ET AL., APPELLEES.

(No. 5-86-43—Decided December 8, 1988.)

*Bailey Law Offices, Holly Sinn-Bailey, Faulkner & Rapp* and *John B. Neville,* for appellant.

*Drake, Phillips, Kuenzli & Clark* and *William E. Clark,* for appellees.

MILLER, P.J. This is an appeal by plaintiff, Sandra J. Bethel, from a summary judgment of the Court of Common Pleas of Hancock County entered in favor of defendants Hancock County Sheriff's Department, Sheriff Boutwell and Deputy Heldman.

On or about November 1, 1984, defendant, Wood County Hospital Association, Inc., obtained a judgment against Bill J. Bethel in the Municipal Court of Bowling Green, Ohio, in the amount of $6,276.30, plus interest.

On May 31, 1985, defendant, John M. Dunipace, the attorney for Wood County Hospital Association, filed a Praecipe for Issuance of Writ of Execution in the Court of Common Pleas of Hancock County. On the same day the praecipe was filed the Clerk of Courts of Hancock County issued an Execution on Certificate of Judgment to the Sheriff of Hancock County, pursuant to the praecipe. The execution commanded the sheriff to levy on the property of "Bill J. Bethel, * * * goods and chattels located at the Old Town Tavern McComb, Ohio including cash, cash registers, appliances, silverware, dishes, glassware, stock in trade, inventory, tables, chairs, furniture, etc."

On July 12, 1985, Deputy Heldman, acting pursuant to the command of the writ of execution to levy upon the property of Bill J. Bethel, levied upon the goods and chattels owned by

the plaintiff. The levy was executed by closing the Old Town Tavern and changing the lock on the front door.

The Old Town Tavern was closed from Friday, July 12, 1985 until Monday, July 15, 1985.

On August 14, 1985, the court of common pleas terminated the execution. The court ruled that plaintiff, Sandra J. Bethel, was the sole owner of the Old Town Tavern and all goods and chattels located therein.

On May 29, 1986, the plaintiff filed a complaint against the defendants, jointly and severally, for the amounts of $75,000 compensatory damages and $75,000 punitive damages.

On September 10, 1986, the defendants, Hancock County Sheriff's Department, Sheriff Boutwell and Deputy Heldman filed a motion for summary judgment.

The court of common pleas granted the defendants' motion.

Plaintiff sets forth one assignment of error in her appeal:

"The court of common pleas erred in entering summary judgment for defendants Sheriff's Department, Boutwell and Heldman in that, under well-established Ohio law, a law enforcement officer who levies execution on property owned by a person other than the judgment debtor named in the writ may be held responsible for the damages suffered by that innocent third person as a consequence of the wrongful levy."

R.C. 2329.09 states:

"The writ of execution against the property of a judgment debtor issuing from a court of record shall command the officer to whom it is directed to levy on the goods and chattels of the debtor. * * *"

In *State, ex rel. Story,* v. *Jennings* (1862), 14 Ohio St. 73, the Supreme Court stated in paragraph two of the syllabus:

"In this state, a writ of replevin issues to enforce the claim of an owner of property, for its delivery to him by one who wrongfully detains it, and for that purpose the property is specifically described, but it confers no authority on the officer to seize property which is not actually or constructively in the possession of the party named in the process. And where the property is taken from the possession of a third person, who is the *bona fide* owner thereof, the process will not justify the officer, although it be the identical property described therein."

In this situation there appears to be no difference between a writ of replevin and a writ of execution. See *Schaub* v. *Welfare Finance Corp.* (1939), 65 Ohio App. 68, 72, 18 O.O. 295, 297, 29 N.E. 2d 223, 225.

Further, in *Ray* v. *City Bank & Trust Co. of Natchez, Miss.* (S.D. Ohio 1973), 358 F. Supp. 630, the court stated at 641-642:

"A sheriff is not an insurer and may be subject to liability * * * if he mistakenly attaches the property of a stranger to the writ * * *."

When an officer takes goods belonging to a stranger the officer will be guilty of trespass and conversion. *Schaub* v. *Welfare Finance Corp., supra.*

The view has been expressed that, if property levied on by an officer under execution is in the possession of the defendant therein, it is presumptively his, and the officer, if he knows nothing to rebut such presumption, cannot be charged as guilty of a conversion, unless, after notice that it belongs to another, he insists upon retaining possession and proceeds with the sale, in which case he is liable to the true owner in trespass or trover. Other courts, however, have expressed the view that the sheriff must, at his peril, avoid seizing, under execution, any property other than that of the defendant, and that it is not enough that he

should presume, even on strong grounds, that the property is the defendant's; he must know it. In cases of doubt the officer must ascertain who is the real owner, and if, after having been warned by the real owner, he proceeds with the levy, he is liable in damages. 70 American Jurisprudence 2d (1987) 310, Sheriffs, Police and Constables, Section 103.

Here the complaint states that:

"16. On July 12, 1985, acting pursuant to the command of the writ of execution issued by the Hancock County Clerk of Courts, in Case No. 85-593-CJI, to levy upon the property of Bill J. Bethel, defendant Officer levied upon the goods and chattels owned by plaintiff located at Old Town Tavern, 129 East Main Street, McComb, Ohio, by closing the said Old Town Tavern [and] changing the lock on the front door.

"17. At that time, plaintiff and attorney Daniel Snyder, acting on behalf of plaintiff, told defendant Officer that the Old Town Tavern and the goods and chattels listed in the writ of execution were owned by plaintiff, not Bill J. Bethel. Defendant Officer refused to take any action to terminate the levy of execution so as to permit plaintiff's business to reopen."

By their answer defendants admit paragraphs 16 and 17 of plaintiff's complaint.

Defendants in this case contend that the sheriff's department and its employees cannot be held liable for complying with the instructions contained in the writ and cite as authority *Wholesale Electric & Supply, Inc.* v. *Robusky* (1970), 22 Ohio St. 2d 181, 51 O.O. 2d 240, 258 N.E. 2d 432, syllabus, in which the Supreme Court found:

"A ministerial officer of a court and those acting under him and at his discretion are immune from liability for damages flowing from their obedience to process issued to such officer which appears *prima facie* regular and to have been issued by a tribunal possessing judicial power with apparent jurisdiction to issue the same."

In the *Wholesale* case, an alias writ of possession was issued which included a concrete block structure to be seized along with a specific area of land. The concrete block structure was subsequently determined to be owned by a third party. The sheriff executed the writ and seized the structure. The court found that "sheriff had acted precisely in accordance with the instructions contained in the writ committed to him, which on its face, was unimpeachable." *Id.* at 183, 51 O.O. 2d at 242, 258 N.E. 2d at 434.

That case is distinguishable from the present case. In the *Wholesale* case the issue was whether the execution officer was liable for damages flowing from his obedience to a writ which on its face appeared to be valid and enforceable. There was no language in the writ which indicated the ownership of the property to be seized. In the present case, the writ specifically instructed the sheriff to seize goods and chattels belonging to Bill J. Bethel, located at the Old Town Tavern. Instead, the sheriff seized property belonging to the plaintiff, Sandra J. Bethel, although he was previously put on notice that the chattels were, in fact, those of plaintiff.

After hearing on the motion the trial court granted the defendants' motion for summary judgment.

Civ. R. 56(C) states:

"* * * [J]udgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. No evidence or stipulation may be considered except as stated in the rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *''

We conclude that, based on Ohio law regarding liability of a sheriff for the seizure of property of a stranger to a writ of execution, and construing the evidence most favorably to the plaintiff, the trial court erred in concluding by summary judgment that no genuine issue of fact existed and that defendants were entitled to judgment as a matter of law.

We find the plaintiff's assignment of error to be well-taken.

The judgment of the trial court is reversed and the cause is remanded for further proceedings in accordance with law.

*Judgment reversed.*

EVANS, J., concurs.

SHAW, J., dissents.

SHAW, J., dissenting. I respectfully disagree with the construction which I believe the majority reads into the writ of execution in this case. The majority repeatedly refers to the writ as commanding the sheriff to "* * * seize goods and chattels belonging to Bill J. Bethel, located at the Old Town Tavern." On this basis the majority concludes that the burden to determine ownership of the property was placed upon the sheriff by the terms of the writ. However, I do not believe the actual wording of the writ supports this conclusion.

The writ does identify "* * * Bill J. Bethel Old Town Tavern, McComb, Ohio * * *" as the judgment debtor. However, the writ then describes and itemizes the property to be seized simply as "goods and chattels located at Old Town Tavern, McComb, Ohio including cash, cash registers, appliances, silverware, dishes, glassware, stock in trade, inventory, tables, chairs, furniture, etc. to recover the amount $5,788.11 * * *.''

The writ is regular on its face and, in my view, does not allow for any determination of ownership of the property at the scene by the sheriff, but simply directs him to seize specified property at a certain location. In short, it is my opinion that this writ falls squarely within the syllabus of the Ohio Supreme Court in *Wholesale Electric & Supply, Inc.* v. *Robusky* (1970), 22 Ohio St. 2d 181, 51 O.O. 2d 240, 258 N.E. 2d 432. The sheriff here, having "* * * acted precisely in accordance with the instructions contained in the writ committed to him, which on its face, was unimpeachable * * *," should therefore be "* * * immune from liability for any damages flowing from [his] obedience to the writ which was apparently valid and enforceable." *Id.* at 183-184, 51 O.O. 2d at 242, 258 N.E. 2d at 434.

Based upon its own reading of the writ language, noted above, the majority attempts to distinguish the *Wholesale Electric* case and instead relies heavily upon the ruling in *State, ex rel. Story,* v. *Jennings* (1862), 14 Ohio St. 73. However, it appears to me that the Supreme Court in *Wholesale Electric, supra,* clearly distinguished its previous ruling in *Jennings, supra,* on the basis that in *Jennings*, unlike the *Wholesale Electric* case (and unlike our case), the officer acted outside the directives of the writ. See *Wholesale Electric, supra,* at 183, 51 O.O. 2d at 242, 258 N.E. 2d at 434.

Finally, I also respectfully take

issue with the emphasis which the majority seems to place upon the verbal claims of ownership which plaintiff apparently raised at the scene. It seems to me that verbal confrontations involving competing claims of ownership will commonly arise in many situations where the sheriff must serve a writ of execution. Clearly, determination of such disputes should properly fall upon the courts and not upon the officer at the scene who is in possession of a writ such as the one in this case.

In my view, the ruling of the majority today imposes an unwarranted and unreasonable burden upon the sheriff to, in essence, go behind the terms of a writ which is regular on its face, in order to determine the validity of any verbal challenging raised on the street during execution of the writ. In addition to being unworkable in practice, I believe this decision runs contrary to prudent and well-established policy considerations, expressed in the *Wholesale Electric* decision as follows:

" 'Before executing process placed in his hands, he [a ministerial officer of the court] is not obliged to inquire into the regularity of the proceedings of the tribunal from which it emanates, and determine at his peril whether it was lawfully issued or should be obeyed.' 49 Ohio Jurisprudence 2d 85.

" 'The speedy administration of justice requires that the mandates of all courts and tribunals and persons possessing judicial power should be executed promptly and without hesitation by those to whom they are directed. To secure this, it is necessary that the law should throw its protecting mantle around those executing its mandates, and hold them harmless so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not.' *Fawcet* v. *Linthecum* (1893), 7 C. C. 141, 143." *Wholesale Electric, supra,* at 184, 51 O.O. 2d at 242, 258 N.E. 2d at 435.

For all of the foregoing reasons, I respectfully dissent from the decision reached today. I would affirm the judgment of the trial court.