WHOLESALE ELECTRIC & SUPPLY, INC., APPELLANT, v.
ROBUSKY ET AL., APPELLEES.
HAMLINK, APPELLANT, v. ROBUSKY ET AL., APPELLEES.

[Cite as Wholesale Electric & Supply v. Robusky (1970),
22 Ohio St. 2d 181.]

(Nos. 69-515 and 69-516—Decided May 13, 1970.)

*Mr. Frank Leonetti,* for appellant.
*Mr. Jerry A. Petersen* and *Mr. Robert A. Wantz,* for
appellees.

SCHNEIDER, J. Affidavits and exhibits supporting appellees' motion for summary judgment (and not countered by appellants) disclose that parties other than those appearing in this cause were the owners of the structure from which appellants' personal property was removed.

(Oral argument in this case disclosed that appellants were lessees of the premises but the quality of their estate is unknown. Apparently no memorandum of the same appeared on the county real property records.)

On November 14, 1962, in an appropriation action brought by the Director of Highways against the owners of the structure, a judgment was entered in the Court of Common Pleas of Geauga County upon a jury verdict vesting a perpetual easement for highway purposes in the state in and over a parcel, described by metes and bounds and apparently including (so we learn from oral argument) a small corner of the structure, for the taking of which structure compensation of $19,000 was separately awarded. See R. C. 5519.03 (126 Ohio Laws 842, 843).

Subsequently, on March 16, 1963, an "alias writ of possession," containing the same metes and bounds description as that appearing in the journal entry, together with the following additional language, "also included is a concrete block structure approximately 32 feet in width and 70 feet in depth," was issued by the clerk of the Court of Common Pleas and delivered to the appellee sheriff. It was pursuant to this writ that all of the appellees committed the deeds for which appellants now seek redress.

In their first proposition of law, appellants contest the jurisdiction of the trial court, in a highway appropriation case, to issue a writ of possession and cite *Preston* v. *Weiler* (1963), 175 Ohio St. 107, and *Thormyer* v. *Irvin* (1960), 170 Ohio St. 276. Those cases, however, fall short of supporting the rule proposed. They hold merely that questions, such as whether or not the taking is necessary or whether there is a taking at all, are impermissible in the appropriation action itself.

Appellants' second and third propositions of law are

substantially similar and strike close to the real question involved. Their premise is that the trial court in the appropriation case had no jurisdiction over them; therefore, the writ of possession was void as to them. Thus, it afforded no protection to the sheriff and those assisting him for disturbing their personal property located in the structure. Cited in support of this approach are two pronouncements of this court: *State* v. *Jennings* (1862), 14 Ohio St. 73, an action against a constable for seizing goods from A under a writ of replevin issued against B, and *Sifford* v. *Beaty* (1861), 12 Ohio St. 189, an action by A to replevy his goods from federal officers who had seized them under process issued against B.

The feature distinguishing those cases from the one at bar indicates the correct resolution of the question in this case. The failure of the executing officer to act pursuant to the terms of the writ entrusted to him led, in *State* v. *Jennings*, to the officer's financial responsibility for the consequences of that failure, and in *Sifford* v. *Beaty*, to the return of the goods from the hands of the officers to their rightful owner.

In the instant case, the sheriff acted precisely in accordance with the instructions contained in the writ committed to him, which, on its face, was unimpeachable. True, appellants assail its regularity, pointing to the fact that 1) their names do not appear therein; 2) the seized personal property is not described; and 3) reference therein is made to an "order of sale" instead of an "appropriation." The last of these objections is at best hypertechnical, and the remaining two are insufficient to have alerted the sheriff to any defect in the proceedings or in the jurisdiction of the court of which he was a minister.

We conclude, therefore, not that the court had jurisdiction to issue the writ of possession, a question which is irrelevant to the case (but see R. C. 5519.01 *et seq.* as to the director's right of possession of property appropriated by him for highway purposes), but that the sheriff and the other appellants who were assisting him and acting under

his direction are immune from liability for any damages flowing from their obedience to the writ which was apparently valid and enforceable. *Brinkman* v. *Drolesbaugh* (1918), 97 Ohio St. 171; *Henline* v. *Reese* (1896), 54 Ohio St. 599; *Newburg* v. *Munshower* (1876), 29 Ohio St. 617; *Champaign County Bank* v. *Smith* (1857), 7 Ohio St. 42; *Loomis* v. *Spencer* (1853), 1 Ohio St. 153.

"Before executing process placed in his hands, he [a ministerial officer of the court] is not obliged to inquire into the regularity of the proceedings of the tribunal from which it emanates, and determine at his peril whether it was lawfully issued or should be obeyed." 49 Ohio Jurisprudence 2d 85.

"[T]he speedy administration of justice requires that the mandates of all courts and tribunals and persons possessing judicial power should be executed promptly and without hesitation by those to whom they are directed. To secure this, it is necessary that the law should throw its protecting mantle around those executing its mandates, and hold them harmless so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not." *Fawcet* v. *Linthecum* (1893), 7 C. C. 141, 143.

Finally, appellants claim a violation of their federal civil rights, citing 42 U. S. Code 1983. This claim evokes the observation that of all the persons associated with the problems encountered by appellants, *e. g.*, the Director of Highways, the Assistant Attorney General, and the fee owners of the structure, the appellees are not the culpable parties.

The judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

O'NEILL, C. J., LEACH, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.