PITTSBURGH HILTON, APPELLEE, *v.* REISS, D.B.A. NORTH COAST TRAVEL, APPELLANT.

(No. 3752 — Decided March 14, 1985.)

*James Foos, Jr.,* for appellant.
*Steven H. Reiss, pro se.*

GEORGE, J. Defendant-appellant, Steven Reiss, d.b.a. North Coast Travel, appeals the judgment of the municipal court denying his motion to vacate judgment. This court affirms that judgment.

On November 14, 1983, Pittsburgh Hilton, plaintiff-appellee, filed a complaint against Reiss to recover the amount he owed for accommodations and services provided by the hotel. On March 8, 1984, default judgment was entered against Reiss. Hilton was awarded $1,188.89.

On June 14, 1984, Reiss filed a motion to vacate the judgment, pursuant to Civ. R. 60(B). The trial court held a hearing and subsequently denied the motion. Reiss appeals from this judgment.

### Assignment of Error 1

"The court erred in denying defendant his constitutional rights to due process by failing to notify the defendant of [the] suit."

Reiss argues that he was never served with a copy of Hilton's complaint. However, the record reveals that Hilton mailed the complaint to both Reiss' business and residential addresses by certified mail. The envelope sent to Reiss' business address was returned with the notation "undeliverable as addressed." The envelope sent to Reiss' residential address was returned with the notation "unclaimed."

As a result, Hilton requested the court clerk to mail the complaint to Reiss' residential address by ordinary mail. The complaint was mailed on December 20, 1983. This envelope was never returned. Reiss failed to file an answer to the complaint. On March 8, 1984, the trial court entered default judgment against Reiss.

The procedure followed by Hilton to perfect service upon Reiss complied with the requirements of Civ. R. 4.6(D). This method of service is constitutional. *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164 [1 O.O.3d 96]; and *Neal Walker Leasing, Inc.* v. *Leonard* (Feb. 10, 1982), Medina App. No. 1094, unreported. Accordingly, the trial court correctly ruled that service of this complaint had been accomplished. Thus, this assignment of error is overruled.

### Assignment of Error 2

"The court erred in denying defendant's motion to vacate judgment * * * [t]hereby denying the defendant due process."

Reiss contends he was entitled to relief from the default judgment, pursuant to Civ. R. 60(B). However, Reiss failed to demonstrate that he was entitled to relief under Civ. R. 60(B)(1) through (5), or that he had a meritorious defense to Hilton's complaint. As such, the trial court properly denied this motion. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86].

Accordingly, this assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and MAHONEY, J., concur.