CASTLE APARTMENTS, INC., APPELLANT, *v.* ALLGOOD, APPELLEE.

(No. 13130—Decided
January 27, 1988.)

*Dean Konstand,* for appellant.
*Edmund M. Sawan,* for appellee.

BAIRD, J.    This cause came on
before the court upon the appeal by
Castle Apartments, Inc. from the
order of the trial court awarding
damages and attorney fees to Eric
Allgood. We affirm in part and reverse
in part.

Castle Apartments, Inc. filed a
complaint for forcible entry and de-
tainer against its tenant, Eric Allgood.
On September 11, 1986, service of pro-
cess was sent by certified mail; it was
returned unclaimed on September 22,
1986. On September 24, 1986, service
was sent by ordinary mail. Allgood did
not appear at the eviction trial; a writ
of restitution was issued by the court

on October 2, 1986. On October 10,
1986, Allgood's property was set out
on a nearby curb by the bailiff and
employees of Castle Apartments. On
October 22, 1986, the ordinary mail
service was returned "moved left no
address."

Subsequently Castle Apartments
filed an amended complaint for back
rent. Allgood answered and counter-
claimed for violations of the Landlord-
Tenant Act, for conversion and for
punitive damages and attorney fees.
After a trial Allgood was awarded
damages for conversion (with a setoff
for back rent) and attorney fees. Castle
Apartments appeals.

Assignments of Error
"1.   The trial court erred in grant-
ing judgment in favor of defendant on
his counterclaim based upon incom-
plete service of process.
"2.   The trial court erred in grant-
ing judgment in favor of defendant on
his counterclaim when the bailiff act-
ing in obedience to a writ of possession
which appeared prima facie regular
and valid removes defendant's prop-
erty from the premises."

The trial court found that the judg-
ment of eviction and consequent writ
of restitution were void *ab initio* based
on the failure of service of process.
Castle Apartments claims that under
Civ. R. 4.6 service was accomplished.

Civ. R. 4.6(D) provides:
"If a certified mail envelope is re-
turned with an endorsement showing
that the envelope was unclaimed, the
clerk shall forthwith notify, by mail,
the attorney of record or if there is no
attorney of record, the party at whose
instance process was issued. If the at-
torney, or serving party, after notifica-
tion by the clerk, files with the clerk a
written request for ordinary mail ser-
vice, the clerk shall send by ordinary
mail a copy of the summons and com-
plaint or other document to be served
to the defendant at the address set

forth in the caption, or at the address set forth in written instructions furnished to the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party, by mail."

It is undisputed that the second attempt at service was returned undelivered. Appellant urges us to consider that, at the time of the eviction, the service had not been returned. In *Pittsburgh Hilton* v. *Reiss* (1985), 22 Ohio App. 3d 134, 22 OBR 336, 489 N.E. 2d 1066, we concluded that:

"Service of process under Civ. R. 4.6(D) is proper where plaintiff requests the court clerk to forward the complaint by ordinary mail to defendant's resident address, after a certified mail delivery to defendant's resident address is returned marked 'unclaimed.' " *Id.* at paragraph one of the syllabus.

However, in that case the ordinary mail envelope was never returned. In the case *sub judice,* the envelope was returned "moved left no address." The Staff Notes to Civ. R. 4.6(D) make clear that the rule does not insure that service has been completed when it is sent by ordinary mail and delivery fails:

"* * * Rule 4.6(D) does not provide for automatic completion of service, because it is not based on a knowing, conscious refusal of service of process. The party who is served by ordinary mail did not refuse the original service. The original service was merely not claimed. The return of the ordinary mail envelope with an endorsement showing failure of delivery reinforces the fact that the party served has not received notice. The possible reasons for the failure of delivery are myriad.

The party sought to be served may have moved, the Postal Service employees may have made mistakes, the address furnished the clerk may have been incorrect, the clerk may have improperly addressed the ordinary mail envelope, or the party sought to be served may have artfully avoided the ordinary mail service. In any event, the ordinary mail envelope has been returned with an endorsement showing failure of delivery. Service is not complete."

Accordingly, service of the eviction complaint was never accomplished. Appellant cites *Wholesale Electric & Supply, Inc.* v. *Robusky* (1970), 22 Ohio St. 2d 181, 51 O.O. 2d 240, 258 N.E. 2d 432, for the proposition that, notwithstanding the defect in service, Castle Apartments should not have been liable for conversion as the bailiff was executing the writ which appeared valid on its face. Castle Apartments was neither a ministerial officer of a court nor one acting under him. Neither the bailiff nor those persons who actually moved the goods were found to be liable in conversion; therefore, the case cited by appellant is inapposite. Castle Apartments converted Allgood's property; the judgment relied upon was void, not merely voidable. Accordingly, Allgood's collateral attack upon the judgment by way of the counterclaim for damages was appropriate.

Appellant's first two assignments of error are not well-taken.

The third assignment of error states:

"The trial court erred in granting defendant attorney fees."

The trial court found Castle Apartments was liable for attorney fees pursuant to R.C. 5321.15. That section of the Landlord-Tenant Act provides:

"(A) No landlord of residential premises shall initiate any act, including termination of utilities or services, exclusion from the premises, or

threat of any unlawful act, against a tenant, or a tenant whose right to possession has terminated, for the purpose of recovering possession of residential premises, other than as provided in Chapters 1923., 5303., and 5321. of the Revised Code.

"* * *

"(C) A landlord who violates this section is liable in a civil action for all damages caused to a tenant, or to a tenant whose right to possession has terminated, together with reasonable attorneys fees."

It is undisputed that Castle Apartments initiated the action in order to recover the premises from Allgood. However, it is equally clear that the act which Castle Apartments initiated, the eviction procedure in forcible entry and detainer, is contained in R.C. Chapter 1923. We cannot conclude that Castle Apartments initiated any act other than as provided in R.C. Chapter 1923. As such is the case, Allgood was not entitled to an award of attorney fees under R.C. 5321.15 (C).

Appellant's third assignment of error is well-taken. Accordingly, we reverse the decision of the court as to attorney fees and affirm the judgment as modified.

*Judgment affirmed in part
and reversed in part.*

MAHONEY, J., concurs.

QUILLIN, P.J., dissents.

QUILLIN, P.J., dissenting. Hard facts make bad law.

I

Appellant complied fully with the requirements of Civ. R. 4, 4.1, and 4.6. At the time of trial, the service was regular on its face. This apparent regularity continued through judgment and execution. Only after execution was the ordinary mail returned.

My main concern is with the majority's conclusion that the judgment is necessarily void if the ordinary mail is *at any time* returned unclaimed. What if it is six months later, a year later, five years later? I believe a more reasonable interpretation of the rule would be that service shall be "deemed complete," *i.e.,* treated as if complete, if the ordinary mail is not returned with a reasonable time. This does not mean that failure to receive service could not be shown. Just as in any other case, a defendant who does not actually receive service may file a Civ. R. 60 motion for relief from judgment. See *Rafalski* v. *Oates* (1984), 17 Ohio App. 3d 65, 17 OBR 120, 477 N.E. 2d 1212. This would be a fairer way to balance the interests of two possibly innocent parties. The conclusion reached by the majority makes all judgments based on Civ. R. 4, 4.1, and 4.6 forever suspect. This is a disservice to the orderly administration of justice.

II

Even if the majority is correct that the eviction order was void *ab initio,* I must disagree with the conclusion that appellant is liable in conversion. The removal of appellee's property was at the direction of the bailiff under a court order valid on its face. *Ringler* v. *Sias* (1980), 68 Ohio App. 2d 230, 22 O.O. 3d 353, 428 N.E. 2d 869, is on all fours. "Under these circumstances, the landlord owes no duty towards the tenant's personal property other than not to willfully damage the property * * *." *Id.* at paragraph two of the syllabus. The attempt to distinguish *Robusky, supra,* is unpersuasive. The employees of appellant were "acting under * * * [the bailiff] and at his direction," *Robusky,* syllabus. Any suggestion to the contrary is simply untrue. While other theories of relief might be available, liability in conversion is not.