Edward L. CAMPBELL,
Plaintiff–Appellant,

v.

Doris Gene CAMPBELL,
Defendant–Respondent.

No. 55664.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 31, 1989.

Mark M. Wenner, Clayton, for plaintiff-appellant.

Michael Gibbons, St. Louis, for defendant-respondent.

SATZ, Judge.

This is an action under Missouri's Uniform Enforcement of Foreign Judgments Act (Uniform Act) to enforce an Ohio judgment for arrearages on "alimony" payments. § 511.760 RSMo 1986. The wife filed an action in Ohio, and, pursuant to Ohio law, she had notice served on the husband by ordinary mail at his Missouri address, after notice by certified mail to that address had been returned, marked "unclaimed." The Ohio court entered a default judgment against the husband for $28,000; the wife registered the judgment in the trial court below under Missouri's Uniform Act; and that court refused to set the registration aside. The sole issue raised by the husband on appeal is whether the wife's method of service of notice in the Ohio action afforded him procedural due process. We affirm.

The hearing in the trial court below was conducted on stipulated facts. However, on appeal, both parties refer to documentary evidence neither explicitly incorporated into nor referred to in the stipulated facts. We, therefore, assume this documentary evidence was part of the record before the trial court.

The parties were divorced in Ohio in 1971. The dissolution decree ordered the husband to pay "alimony" in monthly installments of $400. The husband has been a Missouri resident since 1980, and, from July 1980 to July 1987, he lived at 1531 Virginia Avenue, Ellisville, Missouri. In

1983, the wife, claiming to have received no "alimony" payments since 1977, filed a motion in the Ohio court to reduce the accumulated arrearages to a judgment for $28,-000 and hold the husband in contempt for failure to comply with the terms of the dissolution decree.

The "basic and preferred method of service" of process in Ohio is certified mail. Ohio Rev.Code Ann., *Rules Committee Staff Notes* (1982). As authorized by the Ohio Rules of Civil Procedure, the clerk of the court mailed a copy of the wife's motion by certified mail to the husband at his Ellisville, Missouri, address. Ohio Rule 4.3(B)(1). This Ohio Rule provides for "long arm" service of process and permits service of notice by certified mail outside of Ohio, on a nonresident of Ohio, if the claim arose from the nonresident's

> Living in the marital relationship within [Ohio] ..., as to all obligations arising for alimony ..., if the other party to the martial relationship continues to reside in [Ohio].
>
> Ohio Rule 4.3(A)(8).

When the certified mail envelope was returned marked "unclaimed," the wife exercised her right to request ordinary mail service under Ohio Rule 4.6(A), (D). This Rule provides:

> (A) All process may be served anywhere in this state and, when authorized by law or these rules, may be served outside this state.
>
> ....
>
> (D) If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, [and if] ... the serving party ... files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint ... to the defendant at the address set forth in the caption....

In addition, the Rule provides:

> Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.

When the ordinary mail envelope was not returned, the Ohio court, pursuant to rule 4.6(D), deemed the service proper and complete, entered a default judgment for $28,-000, the arrearages on alimony payments, and dismissed the contempt complaint. Subsequently, the wife registered her Ohio judgment in the trial court below, in accord with Missouri's Uniform Act, § 511.760 RSMo.1986, and Missouri's Rule 74.79. Based upon the foregoing facts the trial court refused to set the registration aside, and the Ohio judgment became a final, personal Missouri judgment. § 511.760.7 RSMo.1986. The husband's appeal followed.

On appeal, the husband contends the Ohio judgment is not entitled to full faith and credit under Missouri's Uniform Act because the ordinary mail service permitted in Ohio violates the due process guarantees of the Federal Constitution, Amendment 14, § 1 and of the Missouri Constitution, Art. I, § 10. We disagree.

Article IV, § 1 of the Federal Constitution requires each state to give "Full Faith and Credit ... to the Judicial Proceedings of every other State." This language means "[t]he judgment of a [sister] State with jurisdiction over the parties and the subject matter [must] 'be given in the courts of every other state the same credit, validity and effect which it has in the State where it was rendered.'" *Young Electric, Inc. v. Susman*, 533 S.W.2d 625, 628 (Mo. App.1975), quoting *Roche v. McDonald*, 275 U.S. 449, 451–52, 48 S.Ct. 142, 143, 72 L.Ed. 365, 368 (1928). "At common law, the judgment creditor could bring an action on the foreign judgment, obtain a local judgment and then enforce the local judgment against local assets." Scoles and Hay, *Conflict of Law*, § 24.5 (1982). The Full Faith and Credit Clause mandates this recognition be given to sister-state judgments.

This does not, however, prevent a state from adopting a summary procedure devised specifically for rendering a new judgment on an extrastate judgment. Mis-

souri's Uniform Act provides that procedure. In adopting the Uniform Act, our General Assembly did not extinguish the right of "a judgment creditor to bring a [common-law] action to enforce his judgment instead of proceeding under" the Act. § 511.760.16 RSMo.1986; Rule 74.79(p). Our General Assembly, however, could have required the preclusive effect of the foreign judgment registered under the Missouri's Uniform Act to be measured by the standards established by Missouri law, rather than those of the state of rendition as required by the Full Faith and Credit Clause, so long as the common law right of a judgment creditor to bring an action to enforce a sister-state's judgment by invoking the Full Faith and Credit Clause remained unimpaired. This limitation on the preclusive effect of a foreign judgment may have been provided for by the drafters of the revised Uniform Act of 1964. *Uniform Enforcement of Foreign Judgments Act* (1964) (U.L.A.) § 2, § 6; Scoles and Hays, *supra*, § 24.13.[1]

■ The failure of our General Assembly to amend our Uniform Act to track § 2 of the revised Uniform Act of 1964, we believe, signifies a legislative intent to have the preclusive effect of the foreign judgment registered under our Uniform Act measured by the standard of the state of rendition, in this case Ohio. Thus, the fact that Missouri statutes and rules make no provision for service of notice by ordinary mail has no bearing upon the enforceability of the Ohio judgment,[2] and the defenses to a registered judgment are limited to those defenses recognized in a common law action to enforce a foreign judgment under

the Full Faith and Credit Clause. *Young Electric, Inc., supra*, 533 S.W.2d at 628.

There is no question the service of notice here by ordinary mail is valid and supports an *in personam* judgment in Ohio. *Pittsburgh Hilton v. Reiss*, 22 Ohio App.3d 134, 489 N.E.2d 1066 (1985); *see also City of Akron v. Gay*, 47 Ohio St.2d 164, 351 N.E.2d 475 (1976); Rules 4.3(A)(8) and 4.6(D), Ohio Rules of Civ.Proc. Moreover, the Ohio courts have held that service by ordinary mail, as prescribed in its Rules, meets the procedural due process requirements of the Federal Constitution. *Pittsburgh Hilton, supra.* However, even though a judgment obtained in a sister-state is presumably valid, *Hicks v. LaPlant*, 236 Mo.App. 299, 151 S.W.2d 104, 106 (1941), we are not bound by the Ohio court's determination of whether the husband was afforded the process he was due.

Foreign judgments do not qualify for registration under Missouri's Uniform Act unless they are entitled to full faith and credit under the Full Faith and Credit Clause of the Federal Constitution, Art. 4, § 1. *Adamson v. Harris*, 726 S.W.2d 475, 477 (Mo.App.1987). And, that Clause does not compel a state court to extend full faith and credit to the judgment of a sister state whose rendering court failed to give notice consistent with the procedural due process guaranteed by the Fourteenth Amendment of the Federal Constitution. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 497 (1980); *Minnesota v. Bybee*, 744 S.W.2d 511, 513 (Mo.App.1988). The Federal Constitution requires notice which is "reasonably calculated under all the circumstances to apprise interested parties of

---

1. The 1964 Act provides that, on compliance with the Act:
   [The foreign judgment] has the same effect and is subject to the same procedure, defenses and proceedings for reopening, vacating, or staying a judgment as a judgment of a [court] of this state and may be enforced or satisfied in like manner. § 2
   . . . .
   [The] right of a judgment creditor to bring an action to enforce his judgment [i.e. by involving the Full Faith and Credit Clause] instead of proceeding under this Act remains unimpaired. § 6

2. Missouri permits notice by substituted or constructive service only in the forms of registered mail, certified mail and publication. § 506.160.2.3 RSMo.1986; Rules 54.16 and 54.-17. Such service is available only for *in rem* or *quasi in rem* actions and "special proceedings in which notice by mail or by publication is authorized," § 506.160.1, and only when the plaintiff explains why the defendant cannot be personally served in Missouri. § 506.160.2.3; Rules 54.-16 and 54.17. Even when authorized, constructive service never warrants a general default judgment. § 506.160.1.

the pendency of the action and afford them an opportunity to present their objections ... [T]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873–4 (1950). The constitutionality of any method of service of notice "depends on the particular circumstances." *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 1344, 108 S.Ct. 1340, 1344, 99 L.Ed.2d 565, 575 (1988). Thus, in *Mullane,* the court indicated that ordinary mail notice may be constitutionally sufficient in some circumstances. *Mullane, supra,* 339 U.S. at 318, 70 S.Ct. at 659.

In this case, we cannot say that Ohio's authorization of service by unreturned ordinary mail, following unclaimed certified mail, fails to pass constitutional muster. The mails are considered dependable even under Missouri law, which clearly requires personal service in most cases. For instance, proof that a properly addressed and stamped envelope was placed in the *ordinary* mail creates a rebuttable presumption of delivery. *Lake St. Louis Community Assoc. v. Ringwald,* 652 S.W.2d 158, 160 (Mo.App.1983).

The record before us contains both a photocopy of the stamped envelope addressed to the husband and the court clerk's certification that that envelope was actually sent by ordinary mail. The husband has never denied actually receiving the ordinary mail notice. We cannot say that the use of unreturned ordinary mail was not reasonably calculated to reach the husband, who had failed to claim the notice sent by certified mail to the same Missouri address at which he had lived for three years.

There is no doubt that personal service would have been most likely to afford the husband actual notice. However, due process does not necessarily require the best conceivable method of notice, but only notice reasonably calculated to reach the adverse party. *Mullane, supra.* We are bound to extend full faith and credit to sister-state judgments based on any form of notice consistent with the due process guarantee of the Federal Constitution, even when Missouri law would not have sanctioned that particular method of notice.

Judgment affirmed.

SMITH, P.J., and STEPHAN, J., concur.