DALHOVER, ADMX., APPELLANT, *v.* DUGAN, APPELLEE, ET AL.

(No. C-880546—Decided November 1, 1989.)

*Graydon, Head & Ritchey, Glenn V. Whitaker* and *Debra A. Fraysure,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, *Philip L. Zorn, Jr.* and *Thomas E. Deye,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant, Darla M. Dalhover, administratrix of the estate of Dennis Dalhover, deceased, ("appellant"), appeals from the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Robert J. Dugan, Superintendent of the Hamilton County Juvenile Detention Center ("appellee"). For the reasons that follow, we reverse the judgment of the court of common pleas.

The record discloses that on October 14, 1987, the appellant filed her complaint[1] against the appellee. Five John Doe employees of the Juvenile Detention Center were also named in the action, but they were never identified or served with copies of the complaint. The complaint alleged, *inter alia,* that: (1) appellant was the administratrix of the estate of Dennis Dalhover; (2) Dennis Dalhover was admitted to the Hamilton County Juvenile Detention Center on October 14, 1986, pursuant to an order of the Hamilton County Court of Common Pleas, Juvenile Division; (3) Dennis Dalhover had suicidal tendencies of which he repeatedly warned the defendants; (4) Dennis Dalhover committed suicide at the detention center on October 18, 1986, by hanging himself; (5) Dennis Dalhover's death was a direct and proximate result of the defendants' negligent failure to use

---

[1] On May 11, 1988, appellant filed a motion to amend the complaint, to which an amended complaint was attached. The record is silent concerning whether the court ruled on this motion.

reasonable care to prevent Dennis Dalhover from committing suicide; (6) Dennis Dalhover's beneficiaries suffered damages as a direct and proximate result of the defendants' negligence; and (7) as a direct and proximate result of the defendants' deliberate indifference to Dennis Dalhover's safety, Dennis Dalhover was deprived of his civil and constitutional rights, in violation of Section 1983, Title 42, U.S. Code.

On January 19, 1988, appellee filed a motion for summary judgment. Attached to and in support of the motion was appellee's affidavit in which he admitted, *inter alia,* that:

"Specifically I am, and at all times relevant to plaintiff's said complaint was, employed by the Hamilton County Common Pleas Court, Juvenile Division ('Juvenile Court') as its superintendent of its youth detention center, located at 2020 Auburn Avenue, Cincinnati, Hamilton County, Ohio.

"Further, on or about October 8, 1986, pursuant to an order of placement issued by Juvenile Court, decedent, Dennis Dalhover, was placed and admitted into the said youth detention center."

On February 23, 1988, the appellant filed her response in opposition to appellee's motion for summary judgment, to which appellee replied on March 3, 1988.

On July 29, 1988, the trial court issued a written decision in which it granted appellee's motion for summary judgment. In so ruling, the court reasoned, *inter alia,* that there is absolute judicial immunity from any civil damages alleged as a result of an order of placement by the Hamilton County Juvenile Court, and that such judicial immunity results in absolute quasi-judicial immunity for those acting pursuant to the order of placement. The court then stated:

"The Court further finds that the quasi-judicial immunity applicable to [appellee] Dugan would also apply to the John Doe defendants named in the pleading and would therefore grant summary judgment in their favor if indeed they had been served. Inasmuch as the Court's conclusion on the issue of quasi-judicial immunity favors [appellee Dugan], the Court finds it unnecessary to pronounce any decision on the remaining issues in controversy."

The court's ruling is incorporated into an entry granting appellee's motion for summary judgment, filed on August 19, 1988.

From the judgment of the court below, the appellant brings this timely appeal in which she asserts in a solitary assignment of error that the trial court erred by granting appellee's motion for summary judgment. We agree.

A judge is immune from civil liability for actions taken in his judicial capacity when jurisdiction is proper. *Kelly* v. *Whiting* (1985), 17 Ohio St. 3d 91, 94, 17 OBR 213, 215, 477 N.E. 2d 1123, 1127 (citations omitted). Further, "[a] ministerial officer of a court and those acting under him and at his direction are immune from liability for any damages flowing from their obedience to process issued to such officer which appears *prima facie* regular and to have been issued by a tribunal possessing judicial powers * * *." *Wholesale Elec. & Supply, Inc.* v. *Robusky* (1970), 22 Ohio St. 2d 181, 51 O.O. 2d 240, 258 N.E. 2d 432, syllabus.

In *Doe* v. *McFaul* (N.D. Ohio 1984), 599 F. Supp. 1421, the juvenile plaintiffs, pursuant to a Cuyahoga County Juvenile Court order, were incarcerated in an adult corrections facility where they were allegedly raped and assaulted by adult inmates. The plaintiffs brought civil rights and state-tort actions against the defendants, including a judge of the

Cuyahoga County Court of Common Pleas, the county sheriff and various corrections officers who were employed by the adult facility. Following cross-motions for summary judgment, the court ruled, *inter alia,* that the juvenile plaintiffs' complaint stated a cause of action under Section 1983, Title 42, U.S. Code, as the Eighth and Fourteenth Amendments to the United States Constitution provide prisoners with a right to be free from attacks from fellow inmates. The court further reasoned that the state officials could be liable for failing to prevent such attacks under Section 1983, Title 42, U.S. Code, where the actions of, or failure to act by, other state officials deprived the plaintiffs of a constitutional right.

The court noted further:

"The liability of state officials for failing to prevent such attacks is premised on the notion that § 1983 liability 'may be imposed both for action that deprives a plaintiff of a constitutional right and for failure to act, when there is a duty to act, to prevent such a deprivation.' *Clark* v. *Taylor,* 710 F. 2d at 9 * * *." *Id.* at 1434-1435.

In *McFaul,* plaintiffs' allegation relevant to the immunity issue was that the sheriff and the corrections officers violated plaintiffs' constitutional rights merely by carrying out, or failing to halt, the judge's initial order that plaintiffs be imprisoned. That initial order was found by the *McFaul* court to have been unconstitutional. Noting that quasi-judicial immunity extends to those conducting activities intimately related to the judicial process, the court held that the defendants "cannot be subject to liability for their failure to overrule, countermand, challenge, or otherwise interfere with Judge Harris' facially valid order. Plaintiffs point to no case law supporting the proposition that a state official violates the Constitution or civil rights statutes by failing to attack a state court judgment." *Id.* at 1432.

The limitation on quasi-judicial immunity was discussed in *Willitzer* v. *McCloud* (1983), 6 Ohio St. 3d 447, 6 OBR 489, 453 N.E. 2d 693, which dealt with whether such immunity extended to a physician conducting examinations of workers' compensation claimants at the request of an arbitration panel. In its analysis, the court found guidance from cases discussing the immunity of prosecutors:

"The same considerations underlying the immunity of judges provided the basis for immunity of prosecutors. Thus, prosecutors are considered 'quasi-judicial officers' *entitled to absolute immunity* granted judges, *when their activities are 'intimately associated with the judicial phase of the criminal process.'* Imbler v. *Pachtman* (1976), 424 U.S. 409, 430. * * *

"In determining whether the prosecutor's acts are quasi-judicial as opposed to investigative or administrative, the courts have applied a functional analysis of his activities, rather than simply stating that he is a prosecutor whose status entitles him to absolute immunity. *Goldschmidt* v. *Patchett* (C.A. 7, 1982), 686 F. 2d 582, 585." (Emphasis added.) *Id.* at 449, 6 OBR at 491, 453 N.E. 2d at 695.

Applying that functional analysis to the case at hand involving the workers' compensation doctor, the *Willitzer* court stated:

"* * * Dr. McCloud's out-of-court physical examinations of appellees are an investigative-medical fact-finding function — not a quasi-judicial function. In performing these examinations, he is not a witness furnishing testimony at a trial. As shown above, absolute immunity is necessary to insure that judges, prosecutors, lawyers and witnesses can perform their respective functions in an adjudicatory proceeding without harassment or fear

of consequences. However, since Dr. McCloud's function of conducting out-of-court physical examinations of claimants is not *'intimately associated' with the quasi-judicial phase of the procedures* for application of benefits under the workers' compensation law, the reasons for extending absolute immunity to this function are absent." (Emphasis added.) *Id.* at 449-450, 6 OBR at 491, 453 N.E. 2d at 695.

In the cause *sub judice,* the court reasoned that the instant appellee was subject to absolute quasi-judicial immunity while acting pursuant to the juvenile court's order of placement. As such, he was granted judgment as a matter of law on the appellant's complaint. This court, however, is of the opinion that the foregoing authority does not support a finding of quasi-judicial immunity in this case. Unlike *McFaul, supra,* where the claim of immunity concerned the single act of carrying out a judge's initial order that a person be incarcerated, appellant's allegations in this case concern the numerous acts performed in the day-to-day administration of a juvenile detention center, acts which are not "intimately associated" with the judicial phase of the criminal process.

Accordingly, we conclude that the trial court erred by holding that appellee is entitled to quasi-judicial immunity as a matter of law. The judgment of the court of common pleas is therefore reversed and this cause is remanded for further proceedings consistent with this decision and law.

*Judgment accordingly.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.