DECISION.
On March 24, 1999, Fourth Plum Apartments, as landlord, filed a forcible-entry-and-detainer action in the Hamilton County Municipal Court against two of its tenants, Tony Tuzzolino and Frank Banham. Fourth Plum's complaint alleged that Tuzzolino and Banham were in violation of their lease and "house rules." The complaint also contained a demand for money for rent, damage to the premises and other expenses. An attempt to serve Tuzzolino by certified mail failed. When personal service also failed, the clerk attempted service on Tuzzolino by ordinary mail. Tuzzolino later asserted that he had never received service by ordinary mail.
Fourth Plum's claim for forcible entry and detainer was heard on April 15, 1999. Neither defendant appeared at the hearing. The trial court issued a three-day writ of restitution, which was executed on April 20, 1999.
On May 14, 1999, Tuzzolino filed an answer and a counterclaim. In his answer, Tuzzolino denied all of the allegations in Fourth 
Plum's complaint. Tuzzolino's counterclaim demanded damages in the amount of $20,000 for violations of R.C. 5321.15, conversion, trespass and invasion of privacy. The counterclaim stated that Tuzzolino was lawfully in possession of the premises as of April 20, 1999, and that Fourth Plum was not entitled to possession of the property at that time. The counterclaim also alleged that Fourth Plum had unlawfully entered the premises and exercised control over Tuzzolino's personal property.
Fourth Plum filed a Civ.R. 12(B)(6) motion to dismiss the counterclaim for failure to state a claim upon which relief could be granted, or in the alternative a Civ.R. 12(C) motion for judgment on the pleadings. Tuzzolino filed a memorandum in response to Fourth Plum's motion, along with his affidavit in support of the memorandum. Tuzzolino's memorandum and affidavit alleged that he had had a conversation with James Collier, Fourth Plum's resident manager, in the presence of Banham and another individual. Tuzzolino stated that Collier had agreed to let Tuzzolino and Banham pay rent for March of 1999, on the condition that they would not be in the residence during that month. Tuzzolino and Banham, who are professional ice hockey players, were to be out of town during the month of March for an extended road trip. According to Tuzzolino, Collier agreed that Tuzzolino and Banham could return during the month of April and move their belongings, and that April's rent would be pro-rated. Tuzzolino returned on April 21, 1999, to find that his belongings had been removed from the premises. Tuzzolino also stated that he had never received the complaint for forcible entry and detainer by personal service, certified mail or ordinary mail.
The trial court granted Fourth Plum's motion to dismiss Tuzzolino's counterclaim, ruling that because the counterclaim did not specifically allege that the writ of restitution had been improperly issued, or that any part of the eviction process was deficient, the counterclaim did not set forth a claim upon which relief could be granted. The trial court declined to consider the facts set forth in Tuzzolino's memorandum and affidavit concerning the lack of service. Subsequently, Fourth Plum dismissed its claim for additional rent.
Tuzzolino has appealed, raising two assignments of error for our review. The first assignment of error alleges that the trial court erred in granting Fourth Plum's Civ.R. 12(B)(6) motion to dismiss his counterclaim.
A judgment entered without proper service of process is void. See State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,553 N.E.2d 650; Cincinnati Insurance Co. v. Emge (1997), 124 Ohio App.3d 61,705 N.E.2d 408; Caldwell v. Alston (Oct. 2, 1996), Hamilton App. No. C-950688, unreported; Bank One Cincinnati, N.A.v. Wells (Sept. 18, 1996), Hamilton App. No. C-950279, unreported. A court has the inherent power to vacate a void judgment; therefore, a party who asserts that the court lacked personal jurisdiction because of improper service of process need not meet the requirements of Civ.R. 60(B). See Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941; Cincinnati Insurance Co. v.Emge, supra; Caldwell v. Alston, supra.
Service of process must comport with the requirements of due process. See Akron-Canton Regional Airport Authority v. Swinehart
(1980), 62 Ohio St.2d 403, 406 N.E.2d 811; Cincinnati InsuranceCo. v. Emge, supra; Caldwell v. Alston, supra; Bank OneCincinnati, N.A. v. Wells, supra. "Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In reForeclosure of Liens for Delinquent Taxes (1980), 62 Ohio St.2d 333,405 N.E.2d 1030, paragraph one of the syllabus.
 So long as service is "reasonably calculated" to reach interested parties, then the service is constitutionally sound. * * * Indeed, we look suspiciously at any service attempted by means falling short of that most likely to achieve success. * * * We believe that the best course of action, however, is * * * to examine each case upon its particular facts to determine if notice was reasonably calculated to reach the interested party.
Akron-Canton Regional Airport Authority v. Swinehart,supra, at 406-407, 406 N.E.2d at 814.
A void judgment is a nullity that may be impeached at any time by collateral or direct attack. See Sampson v. Hooper Holmes,Inc. (1993), 91 Ohio App.3d 538, 632 N.E.2d 1338. For example, where service of an eviction complaint upon a tenant was never accomplished, where the trial court had granted the landlord a writ of restitution, and where the landlord had subsequently filed an amended complaint for back rent, one court held that the tenant's collateral attack upon the trial court's judgment by way of a counterclaim for damages was appropriate. See CastleApartments, Inc. v. Allgood (1988), 43 Ohio App.3d 163,539 N.E.2d 1154.
If Fourth Plum attempted to serve Tuzzolino, knowing that he would be out of town and would not receive the service of process, a question is raised as to whether the notice was reasonably calculated, under all the circumstances, to apprise Tuzzolino of the action. Resultantly, a question is raised as to whether the trial court lacked personal jurisdiction over Tuzzolino because his due process rights were violated by improper service of process.
We now turn to Tuzzolino's counterclaim. In order to sustain the dismissal of Tuzzolino's counterclaim, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted, "it must appear beyond doubt" that he could have proved no set of facts entitling him to recovery. See O'Brien v.University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,327 N.E.2d 753, syllabus. In ruling on Fourth Plum's motion to dismiss Tuzzolino's counterclaim, the trial court was required to presume that all factual allegations of the counterclaim were true and to make all reasonable inferences in his favor. See Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753. As long as there was a set of facts, consistent with Tuzzolino's counterclaim, that would have allowed him to recover, the trial court was not entitled to grant Fourth 
Plum's motion to dismiss. See York v. Ohio State Highway Patrol
(1991), 60 Ohio St.3d 143, 573 N.E.2d 1063.
The judgment of eviction and the writ of restitution were void if they were entered without proper service of process upon Tuzzolino. See State ex rel. Ballard v. O'Donnell, supra;Cincinnati Insurance Co. v. Emge, supra; Caldwell v. Alston,supra. Tuzzolino's counterclaim alleged that he was lawfully in possession of the property as of April 20, 1999, that Fourth 
Plum had wrongfully entered his apartment, and that Fourth Plum was not entitled to the property at that time. The counterclaim also alleged that Fourth Plum had wrongfully exercised control over Tuzzolino's personal property. Under these circumstances, we cannot say that it appears beyond doubt that Tuzzolino could have proved no set of facts entitling him to recovery. Therefore, the trial court erred in granting Fourth Plum's Civ.R. 12(B)(6) motion to dismiss. The first assignment of error is sustained.
Tuzzolino's second assignment of error, which alleges that the trial court erred in granting Fourth Plum's motion to dismiss, because the case should have instead been transferred to the common pleas court, is sustained solely for the reasons set forth in our disposition of Tuzzolino's first assignment of error. We point out that we are holding only that Tuzzolino's counterclaim stated a claim for which relief could be granted. We make no ruling on whether the case should be transferred to the Court of Common Pleas. The trial court did not address that issue and we decline to do so at this time.
The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with law and this Decision.
Doan, P.J., Painter and Sundermann, JJ.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.