OPINION JUDGMENT ENTRY
{¶ 1} Appellant Ronald E. Moton, Sr. appeals the decision of the Court of Common Pleas, Richland County, which dismissed his complaint against Appellee Ford Motor Credit Company. The relevant facts leading to this appeal are as follows.
 {¶ 2} In May 1996, appellant entered into a finance agreement with Appellee Ford Motor Credit Company ("FMCC") for the purchase of a 1996 Lincoln Town Car. Commencing in late 1998, appellant began defaulting on his required monthly payments. FMCC thereupon took steps to repossess the Lincoln by reason of breach of the finance agreement. Following much legal wrangling between appellant and FMCC, which we need not herein recite, FMCC took possession of the Lincoln. FMCC thereafter notified appellant that the vehicle would be sold at auction on February 28, 2001. Appellant, however, filed a pro se "stay" motion with this Court on February 16, 2001, resulting in our issuance of a conditional stay of the sale on February 27, 2001. The conditional stay required appellant to post a bond of $22,950.
 {¶ 3} FMCC obtained notice of the conditional stay and contacted the auctioneer on the afternoon of February 28, 2001, seeking to stop the sale. However, appellant had already bid on the car by that time, using the false name of "Joe Holley." The auctioneer thereupon refunded appellant's deposit.
 {¶ 4} In the meantime, appellant failed to post the $22,950 bond directed in our conditional stay. Thereafter, FMCC again notified appellant that the Lincoln would be sold at auction, this time on April 24, 2001. Appellant did not attend the auction on this occasion, and the vehicle was sold to another buyer.
 {¶ 5} Nearly two years later, on January 13, 2003, appellant filed a complaint against FMCC captioned "Breach of Contract, Deception, and can Cannot [sic] receive a deficiency judgment seeking compensation and damages." FMCC filed a motion to dismiss with a supporting memorandum on February 24, 2003. On July 22, 2003, the trial court issued a thorough judgment entry with findings of fact and conclusions of law, granting the motion to dismiss.
 {¶ 6} Appellant filed a notice of appeal on August 19, 2003. He herein raises the following four Assignments of Error:
 {¶ 7} "I. The Ford Motor Credit Company had no right to cancel the sale on February 28TH, 2001. Because the Ford Motor Credit is not a court administrator and that the sale was a good sale according to the ohio auto auction. The trial court judge for some reason could not understand the point that was made by the appellant in his lawsuit. keep in mind that the auction had taken place and had been awarded before the order on March 1ST, 2001.
 {¶ 8} "II. The Ohio Auto Auction was in error of canceling the sale on the orders of the ford motor credit company. And the trial court judge did not take this into consideration because the ohio auto auction said this was a good sale and recognized it by accepting exhibits b and c. once the ford motor credit company gives the ohio auto auction the okay to auction off the car on a certain date and the car was auctioned off, the appellant does not see any law that could reverse This sale unless it was in a court of law.
 {¶ 9} "III. Mr. Dale Wirick knew who he was talking with according to exhibit U. Mr. Wirick gave appellant extra time to pay the balance on the car. the appellant needed additional time to close out a second mortgage on his home to get the reminder (sic) of the money. So Mr. Wirick knew for a fact that Ronald E. Moton Sr. was the person he gave this extension to and not joe holley. And from Exhibit F, Mr. Wirick also knew the sticker was on the left side of the appellant's chest. and from Exhibit U1, Mr. Holley gave an affidavit saying that Mr. Holley gave ronald moton permission to put the car in his name. The Affidavit is dated 11-21-01. So there could never be a fraud attempt as the trial court judge stated in his order.
 {¶ 10} "IV. The trial court judge was in error because he did not take it into consideration Exhibit J, Notice of sale and that the sale was supposed to be held on 04-24-01. according to Exhibit 2a and 3a, the Ford Motor Credit should not be entitled to a deficiency judgment. also, when the car was sold on 04-25-01, see Exhibit D, and J, the Ford Motor Credit sent in false documents of the date of sale. therefore, the Ford Motor Credit Co. should be held accountable for their actions of trying to deceive the appellant for giving an incorrect date in which the car would be sold. that is a (sic) error the trial judge did not act on. As of this date, the appellant has never seen an itemized list of what the vehicle was sold for and a balance that he owed."
 I., II. {¶ 11} In his First and Second Assignments of Error, appellant contends the trial court erred in acknowledging FMCC's right to cancel of the sale of the Lincoln after the first auction of February 28, 2001. We disagree.
 {¶ 12} The Ohio Supreme Court has recognized that "(t)he speedy administration of justice requires that the mandates of all courts and tribunals and persons possessing judicial power should be executed promptly and without hesitation by those to whom they are directed. To secure this, it is necessary that the law should throw its protecting mantle around those executing its mandates, and hold them harmless so long as they do only what they are commanded to do, without requiring them to determine whether it is rightly and properly commanded or not." WholesaleElec. Supply, Inc. v. Robusky (1970), 22 Ohio St.2d 181, 184, quoting Fawcet v. Linthecum (1893), 7 Ohio Cir.Ct.R. 141, 143.
 {¶ 13} In the case sub judice, appellant in essence alleged a breach of contract based on FMCC's due response to this Court's February, 2001, stay order, which itself originally came about because of appellant's motion. As such, appellant's contention is wholly without merit.
 {¶ 14} Appellant's First and Second Assignments of Error are therefore overruled.
 III. {¶ 15} In his Third Assignment of Error, appellant argues the trial court erred in finding he had fraudulently used the name of "Joe Holley" at the first auction. However, based on our holding above, FMCC's cancellation of the sale was proper, whether or not appellant's use of a pseudonym was fraudulent. Therefore, appellant's Third Assignment of Error is overruled as moot.
 IV. {¶ 16} In his Fourth Assignment of Error, appellant argues the trial court erred in dismissing his complaint allegations as to the second auction of April 24, 2001. We disagree.
 {¶ 17} As the trial court correctly noted, R.C. 1309.612(B) states that if a secured creditor sends notice ten days or more before the disposition of the debtor's collateral, the notice is reasonable as a matter of law. Appellant admitted in his complaint that FMCC's notice was postmarked on April 12, 2001, regarding the planned auction of the vehicle on April 24, 2001. See Complaint, para. 3. Appellant further admitted receiving the notice. Id.
 {¶ 18} We are cognizant that R.C. 1309.612(B) was not enacted until July, 2001. However, even applying the pertinent prior statute, we are unpersuaded that FMCC failed to provide "reasonable notification of the time and place of [the] public sale." See former R.C. 1309.47(C).
 {¶ 19} Accordingly, we find no error in the trial court's Civ.R. 12(B)(6) dismissal under these circumstances.
 {¶ 20} Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.